ROSE *v.* SOUTHERN MICHIGAN NATIONAL BANK.

1. EXECUTORS AND ADMINISTRATORS—WILLS—TRUSTS—INTEREST OF EXECUTOR AND TRUSTEE—COMPROMISE AGREEMENT—APPROVAL BY COURT.

Executor and trustee have no such interest in estate being administered as will or may be limited or diminished by compromise agreement, and therefore their signatures thereto are not required in advance of its submission to court for approval pursuant to 3 Comp. Laws 1929, §§ 15581–15584, but, being necessary parties under the statute, to make it complete, they should execute it when approved by court as just and reasonable.

2. SAME—TRUSTEE NECESSARY PARTY TO COMPROMISE AGREEMENT.

Trustee is necessary party to such compromise agreement only because of its legal title as trustee, and in proper case court has power to compel trustee to execute it.

3. TRUSTS—POWER OF COURT TO TERMINATE—SPENDTHRIFT TRUST.

Although equity court has power under statute to modify trust or in some circumstances to extinguish it entirely with or without consent of trustee, there are some trusts which may not be terminated until their objects and purposes have been accomplished, such as spendthrift trust.

4. SAME — WILLS — COMPROMISE AGREEMENT — SPENDTHRIFT TRUST
   MAY NOT BE TERMINATED BY COURT.

    Provisions of will vesting title to trust property in trustee with
      power to convert, invest, reinvest, manage, collect income and
      pay to beneficiaries, who cannot assign or dispose of their in-
      terest therein, created active trust having all essentials of valid
      spendthrift trust, which court is without power to terminate by
      approval of agreement between heirs pursuant to 3 Comp. Laws
      1929, §§ 15581–15584.

Appeal from Branch; Hatch (Blaine W.), J., pre-
siding. Submitted April 17, 1931. (Docket No. 158,
Calendar No. 35,657.) Decided October 5, 1931.

Petition by Bertha Rose and others as heirs
against Southern Michigan National Bank, executor
and trustee, and others for approval of compromise
agreement. Decree for plaintiffs. Defendant bank
and another appeal. Reversed.

*Frederick B. Brown,* for plaintiffs.

*Charles U. Champion* and *H. H. Palmer* (*Hal H.
Smith,* of counsel), for defendant bank.

*Stanley E. Weage,* for defendant guardian *ad
litem, in pro. per.*

*W. Glenn Cowell,* for defendants Crippen and
Peckham.

McDONALD, J. Lester E. Rose died leaving a will
in which he devised the major portion of a large
estate in trust. The Southern Michigan National
Bank was named executor and trustee. The plain-
tiffs, who are all of the direct heirs, contested the
will. After a prolonged trial in the circuit court,
it was sustained by a directed verdict. An appeal
was taken, and, after the bill of exceptions was

settled and signed, a compromise agreement was entered into by all of the direct and collateral heirs. The executor and trustee did not join in the settlement. Pursuant to Act No. 249, Pub. Acts 1921 (3 Comp. Laws 1929, §§ 15581–15584), the agreement was submitted to the circuit court. It was there approved and ordered to be executed by the executor and trustee and by Stanley E. Weage who had been appointed guardian *ad litem* of future contingent interests. From the decree entered the trustee and the guardian *ad litem* have appealed.

The record presents the following questions:

1. Does the statute empower the court to direct an executor and trustee named in the will to execute a compromise agreement made without their consent and against their protest?

It is argued by the defendants that the trustee and executor are necessary parties to such an agreement and unless it is signed by them at the time of its submission the court is without jurisdiction to approve it. The question is new in this State. For a great many years Massachusetts has had a statute authorizing the compromise and settlement of questions arising in the administration of estates and on numerous occasions the courts of that State have been called upon to interpret its various provisions. One of these cases cited and relied on by the defendants is *Ellis* v. *Hunt*, 228 Mass. 39 (116 N. E. 956). In that case, quoting from the syllabus, it is held:

"The court has no jurisdiction under R. L., chap. 148, § 15, to authorize an executor to adjust by compromise a controversy concerning a will by an agreement to which trustees to whom property is devised and bequeathed by the will are not parties."

The value of that case as authority on the question under consideration depends upon the similarity of the Massachusetts and Michigan statutes. They are not identical. They are not closely similar. The Massachusetts statute, 2 Gen. Laws 1921, pp. 2211 and 2212, §§ 13, 14, and 15, chap. 204, contemplates that the compromise shall be made by executor or trustee. It expressly provides that they shall be parties to the agreement and clearly requires that they sign it before its submission to the court for approval.

The Michigan statute contains no such language. It provides that the agreement shall be executed "by all competent persons, * * * having estates, interests or claims, legal or equitable, which will or may be limited or diminished in either extent or value by such compromise settlement or adjustment if consummated." The statute is here speaking of the form of agreement which is to be presented to the court not only for approval but for the authorization of its execution by the executor and trustee. It must be signed by all those whose interests may be limited or diminished by the agreement if consummated. It may be conceded that unless the agreement is so signed the court has no jurisdiction to approve it or to authorize its execution by others. But an executor or trustee has no such interest in the estate as will or may be limited or diminished by the agreement if consummated. Therefore, under our statute, their signatures are not required in advance of its submission to the court. When approved by the court as just and reasonable, the agreement is made complete by due execution by the executor and trustee. From the plain language of our statute it is quite clear that,

though the executor and trustee are necessary parties to the agreement, they are not required to execute it before its approval by the court. The Southern Michigan National Bank has no beneficial interest in the estate and is a necessary party only because of its legal title as trustee. In a proper case the court has power to compel a trustee to execute a compromise agreement.

2. Has the court power to approve this settlement agreement which terminates the trust created by the will?

That an equity court has the power under our statute to modify a trust or in some circumstances to extinguish it entirely with or without the consent of the trustee, there can be no doubt. There are some trusts which cannot be terminated until their objects and purposes have been accomplished. We think the trust created by the will of Lester E. Rose belongs to that class. It gives the major portion of a large estate to the Southern Michigan National Bank of Coldwater in trust for the following purposes:

"Item second: I will and direct that my said trustee shall, semi-annually, pay over to my son, Stephen C. Rose, the net income of one-third of all of my estate, or such portion of such income as my said trustee may deem best, for the care, support, recreation and maintenance of my said son, Stephen C. Rose, for and during the term of his natural life, and I further will and direct that the provision herein made and income provided, for the care, support, recreation and maintenance of my said son, Stephen C. Rose, shall in no way be liable for any debts which he may have contracted or may hereafter contract, and I will and direct that my said trustee shall, in case my son shall not survive

me, and if he does survive me, then upon the death of my said son, assign, pay over and deliver one-third of my estate to my then living lawful heirs, as determined by the laws of the State of Michigan.''

The will then provides, that the income of one-third of the estate shall be paid semi-annually to a daughter Bertha, and in like manner, the income of the remaining third to a daughter Edith, for and during their natural lives. If Stephen outlives Bertha, the income from her third shall be paid to him for life. On his death or on her death, if he dies first, a third of the estate shall be distributed to the then lawful heirs of the testator. If Stephen survives Edith and she leaves no issue, the income from her third shall be paid to him for life. On his death, the third of the estate shall be distributed by the trustee to the testator's then lawful heirs. All income to be paid to Stephen shall be for his care, support, recreation, and maintenance and shall not be subject to his debts.

The compromise agreement approved by the court terminated the trust created in the will and eliminated the Southern Michigan National Bank as trustee. It gave the trust estate to Stephen C. Rose, Bertha Rose, and Edith Rose in equal parts as their absolute property. It then provided that certain securities amounting approximately to $300,000 should be given to the Union Guardian Trust Company of Detroit in trust for the use and benefit of the donors over which they should retain a qualified control. It also made provision for the collateral heirs, none of whom had been remembered in the will.

The will created an active trust with large powers and duties in the trustee. It gave no control whatever to Stephen C. Rose over any portion of the estate. The gift to him was of the income only. If Bertha and Edith survive him they may, as heirs of the testator, become possessed of some of the estate but Stephen's interest is merely a right to support. He takes nothing that he can alienate, nothing that he can dispose of by agreement with the trustee or others interested in the estate. From the language of the testator as expressed in the will, it is plain that the purpose of the trust was to secure support of his children and particularly Stephen whose income was made immune from creditors. Such a trust is commonly termed a spendthrift trust.

"The will of a testatrix giving her son the annual income of her trust estate, and in terms preventing him from alienating it, or his creditors from reaching it, creates a spendthrift trust." *Olsen* v. *Youngermann,* 136 Iowa, 404 (113 N. W. 938 [syllabus]).

See, also, *Wagner* v. *Wagner,* 244 Ill. 101 (91 N. E. 66, 18 Ann. Cas. 490).

"In order to create a spendthrift trust certain prerequisites must be observed, to wit: first, the gift to the donee must be only of the income. He must take no estate whatever, have nothing to alienate, have no right to possession, have no beneficial interest in the land, but only a qualified right to support, and an equitable interest only in the income; second, the legal title must be vested in a trustee; third, the trust must be an active one." *Kessner* v. *Phillips,* 189 Mo. 515 (88 S. W. 66, 107 Am. St. Rep. 368, 3 Ann. Cas. 1005).

"The provisions against alienation of the trust fund by the voluntary act of the beneficiary, or *in invitum* by his creditors are the usual incidents of such trusts." *Wagner* v. *Wagner, supra.*

By the will in the instant case, title to the trust property is vested in a trustee with power to convert, invest and reinvest, manage, collect the income and pay to the beneficiaries. It is an active trust. The donee cannot assign or dispose of his interest in the income (3 Comp. Laws 1915, § 11583 [3 Comp. Laws 1929, § 12985]). The trust has all the essentials of a valid spendthrift trust.

"Such a trust must be executed and cannot be destroyed; even a conveyance of the estate by the trustee to the beneficiary is inoperative." *Stewart's Estate,* 253 Pa. 277 (98 Atl. 569, Ann. Cas. 1918 E, 1216).

"The trustees and beneficiaries in a spendthrift trust cannot by mutual agreement terminate the trust and defeat the purpose of the donor to give to the beneficiary a support which shall be free from the claims of creditors." 26 R. C. L. p. 1211, § 53, and cases cited.

See, also, 39 Cyc. p. 240 and notes; 26 Am. & Eng. Enc. Law (2d Ed.), p. 138; *Fletcher* v. *Los Angeles Trust & Savings Bank,* 182 Cal. 177 (187 Pac. 425).

Our conclusion is that the court was without power to terminate the trust. It must be executed by the trustee as provided in the will. The decree is reversed, and the petition for approval of the compromise settlement is dismissed, with costs.

Butzel, C. J., and Wiest, Clark, Potter, Sharpe, North, and Fead, JJ., concurred.