PREMINGER v UNION BANK & TRUST COMPANY, N.A.

1. TRUSTS—SPENDTHRIFT TRUSTS—VALIDITY.

A valid spendthrift trust complies with certain prerequisites: (1) the gift is only of income, the beneficiary takes no estate whatever and has nothing to alienate, he has no right to possession and no beneficial interest but only a qualified right to support and an equitable interest only in the income; (2) the legal title must be vested in a trustee; (3) the trust must be an active one.

2. TRUSTS—SPENDTHRIFT TRUSTS—INCOME BENEFICIARIES—QUALIFIED RIGHTS.

A spendthrift trust which gives the trustees the right to make payments to the beneficiaries when in the discretion of the trustees a need exists and after their determination that the beneficiaries cannot help themselves vests only a qualified right in the beneficiaries to receive any part of the corpus within the discretion of the trustees, and such an estate is not one which the beneficiaries could control, dispose of, or compel the trustees to deliver so as to render the trust not a spendthrift trust.

3. TRUSTS—SPENDTHRIFT TRUSTS—VALIDITY.

A trust which gave to the beneficiaries only the income of the trust assets during their lifetimes, provided for distribution of the trust assets to remaindermen upon the death of the last income beneficiary, gave to the trustees the power to invade principal for an income beneficiary when, in the discretion of the trustees, a need existed but only after a determination that the beneficiary could not help himself, and provided that neither principal nor income would be liable for the debts of a

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 54 Am Jur, Trusts § 152.
[1–4] Validity of spendthrift trusts. 119 ALR 28, s. 138 ALR 1321.
[2, 3] 54 Am Jur, Trusts §§ 156, 179.
Conditions, amount, and character of support contemplated by will, trust instrument, or contract providing for support of person. 101 ALR 1461.
[4, 5] 54 Am Jur, Trusts §§ 151, 159, 160.
[6, 7] 54 Am Jur, Trusts §§ 150, 169 et seq.

beneficiary and that no beneficiary could alienate his interest in principal or income, was a valid spendthrift trust.

4. Trusts—Spendthrift Trusts—Alienation of Corpus.

Voluntary or involuntary alienation of the principal of a trust fund during the life interest of income beneficiaries may be validly restricted by the settlor, provided that the right to principal does not vest in the income beneficiary.

5. Trusts—Spendthrift Trusts—Remaindermen—Conveyance of Interest.

Conveyances by remaindermen of their future interests in the corpus of a spendthrift trust before the termination of the trust, in violation of restrictions on such alienation in the trust instrument, are void.

6. Trusts—Spendthrift Trusts—Income Beneficiaries—Assignment.

An attempted assignment by an income beneficiary of his life interest in a spendthrift trust will not be sanctioned where it was contrary to the provisions of the trust and the settlor's clear intent.

7. Trusts—Spendthrift Trusts—Income Beneficiaries—Assignment—Disclaimer—Statutes.

An assignment by one life beneficiary of a spendthrift trust to another life beneficiary was invalid because it was contrary to the provisions of the trust instrument, and could not operate as a disclaimer where it failed to conform to the requirements of the right of disclaimer act (MCLA 554.511).

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 March 7, 1974, at Grand Rapids. (Docket No. 16834.) Decided July 22, 1974.

Complaint by Mary G. Preminger against Union Bank and Trust Company and Ford C. Perne, co-trustees of the Cornella N. Gilbert Trust II, for a declaratory judgment terminating the trust and distributing the trust assets. Complaint dismissed. Plaintiff appeals. Affirmed.

*Rhoades, McKee & Boer,* for plaintiff.

*John C. Cary,* for defendant Ford C. Perne.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and BASHARA, JJ.

BASHARA, J. On October 18, 1972, plaintiff filed a complaint for declaratory judgment requesting the termination of a trust of which she was a beneficiary and the distribution to her of the trust assets. Defendants answered contending the trust to be a spendthrift trust and therefore not subject to termination while the duties of the trustee remained unfulfilled. The circuit court, after hearing plaintiff's motion for summary judgment, denied the requested judgment and dismissed the complaint. Plaintiff appeals from both circuit court orders.

On September 7, 1966, Cornella N. Gilbert established an inter vivos trust for her two daughters, Mary Preminger and Nancy Howland, and also for Gilbert Gardner, Mary's son. The trust was initially funded with several thousand dollars, but under the settlor's will the bulk of her estate was to be placed equally into the individual trust accounts of the two daughters.

The trust provided that the beneficiaries receive only the income of the trust during their lifetime. If either of the daughters died, the assets of that daughter's account would be placed in the account of the surviving daughter. If Gilbert Gardner survived both the daughters (his mother and aunt), the remainder of the account of the surviving daughter would be paid over into his account. Upon the death of Gilbert or the last daughter, if he predeceased her, the trust assets would be distributed among the children of Cornella Gilbert's brother. Thus, the interest of the three beneficiaries was limited, with one exception, to the income of the trust assets during their life-

times. The exception was contained in the following language of one clause:

" * * * [A]nd the Trustees shall have the right to make payments of principal to the respective beneficiaries when, in their discretion, a need exists but only after a determination that the beneficiary cannot help herself or himself."

Finally, the controverted classification of this trust as spendthrift comes from the following provision:

"11. Neither the principal nor the income of this trust shall be liable for the debts of any beneficiary of this trust nor shall the funds or properties of this trust be subject to seizure by the creditors of any beneficiary of this trust in any proceeding whatsoever, and no beneficiary of this trust shall have power to sell, transfer, encumber, hypothecate, dispose of or anticipate his or her interest in any such trust whether it be principal or income thereof."

Subsequent to the death of Cornella Gilbert, plaintiff filed numerous objections to the allowance of the will upon the grounds of mental incompetency and undue influence. A will contest settlement agreement was signed by all interested parties and provided, *inter alia,* for the release and conveyance of the future interests of all remainder beneficiaries in the trust to Gilbert Gardner.

Shortly after the death of Nancy Howland in June, 1972, the assets in her trust account were transferred to plaintiff's account pursuant to the terms of the trust. On September 20, 1972, Gilbert Gardner executed a document entitled "ASSIGNMENT OF BENEFICIARY" wherein he assigned all his rights in the trust to plaintiff, making her sole beneficiary. She then filed her demand for

dissolution of the trust which was denied, the propriety of which order is now before us on appeal.

The paramount issue is whether the testamentary language constitutes a spendthrift trust. The first case in Michigan to define a spendthrift trust was *Rose v Southern Michigan National Bank,* 255 Mich 275; 238 NW 284 (1931). The Court quoted the following definitional language of *Kessner v Phillips,* 189 Mo 515; 88 SW 66 (1905), with approval:

"In order to create a spendthrift trust certain prerequisites must be observed, to-wit: first, the gift to the donee[1] must be only of the income. He must take no estate whatever, have nothing to alienate, have no right to possession, have no beneficial interest in the land, but only a qualified right to support, and an equitable interest only in the income; second, the legal title must be vested in a trustee; third, the trust must be an active one." 255 Mich 275, 281.

Plaintiff contends that the trust established here cannot qualify as a spendthrift trust because the beneficiaries had more than a gift "only of income". It is asserted that they had a right to invade corpus because of the language in clause 2 permitting payment to them if they could not financially help themselves. The qualified right the beneficiary has in the corpus of this trust does not fail the "income only" test of *Rose, supra.* The right of the beneficiary to receive any part of the corpus is within the discretion of the trustee and such interest is not an estate which the beneficiary could control, dispose of, leave by will, or compel the trustee to deliver until the narrow requirements stated in the trust were met. We find that

---

[1] The language in *Kessner, supra,* refers to "donee" apparently due to the fact that the intended trust was created by a deed to land.

the trial court was correct in its determination that the settlor created a valid spendthrift trust.

The next issue we consider is whether a beneficiary of this trust could alienate his interest by assignment before the time for payment had arrived. The resolution of this question will depend primarily on whether Michigan permits restraints on the alienation of principal as well as income in spendthrift trusts. Although a restraint on income was approved in *Rose, supra,* the validity of a restraint on a beneficiary of corpus alone has not been tested in this state.[2]

While the question of restraint on principal alone is novel to the courts of this state, our research discloses that the Restatement of Trusts, 2d, now recognizes that certain restraints on the alienation of principal are valid, as do the majority of the modern decisions.[3] The recent decision of *In Re Estate of Vought,* 25 NY2d 163; 250 NE2d 343; 303 NYS2d 61 (1969), reflects the current attitude of the courts on the subject of restraints on alienation:

"The precise question of whether a settlor has the power to make inalienable a principal remainder limited on an entrusted life estate is one of first impression. In this State, although there are many precedents which offer close analogies, they yield no conclusive or authoritative holding or doctrine. It is evident, however,

[2] The Supreme Court in the case of *In re Ford's Estate,* 331 Mich 220; 49 NW2d 154 (1951), did address itself to the question of whether a spendthrift trust was created when a settlor gave a beneficiary the right to income as well as the right to corpus beginning at age 35. The Court held that under the *Rose* test a spendthrift trust could not be established because the donee received more than a gift of income. We can only speculate that had the right of corpus been given to another individual the result may have been different and a valid spendthrift trust recognized.

[3] 1 Restatement 2d, Trusts, § 153, p 318; Bogert, Law of Trusts and Trustees (2d ed), § 222, p 639; 34 ALR2d 1335, § 4, p 1341; 2 Scott, Law of Trusts (3d ed), § 153, p 1170.

that the prevailing weight of decisional authority in the Nation, based more or less on common-law principles, would sustain the restraint on alienation of a remainder limited on an equitable life interest, if so provided by the creator of the trust. Moreover, in policy, there are no persuasive modern reasons, and aside from conceptual and historical grounds for nullifying attempts at restraining alienation on transfers in fee absolute, no compelling legal ground why the creator's wishes must be ignored during the measured period involved." 25 NY2d at 168–169.

The Court in *Vought, supra,* held that the assignment of a vested remainder by a beneficiary who had no other interest in the trust was void as being contrary to the inalienability provisions imposed by the settlor. The rationale was expressed in the following language:

"[A]nd according substantial weight to modern policy considerations and the purpose of permitting owners enlarged freedom to dispose of their property as they will unless there is injury to the public, the law of this State should conform to the prevailing weight of authority. In this way, the intended beneficiaries of the remainders of principal will be protected as the settlors intend * * * . Interests in property are not restrained of alienation or transfer for any greater time than the permissible life interests and the legal title of the particular assets, as earlier noted, is always capable of being transferred." 25 NY2d at 174.

It is this Court's view that for the foregoing reasons Michigan should join with the majority of states in permitting certain restraints on alienation of principal. Accordingly, we hold that a settlor can validly restrict the voluntary or involuntary alienation of principal during the life interest of the income beneficiary, provided that the right to principal does not vest in the income beneficiary. The decisions in *Rose, supra,* and

*Ford, supra,* appear to prevent an income beneficiary from having a right to principal as well as income. The conveyances made by the remaindermen are therefore void and may not be recognized by the trustee or the court. To give approval to such an assignment would be in direct conflict with the intentions of the settlor in creating the spendthrift trust. *Rose, supra.*

Plaintiff next contends that if Gilbert Gardner's transfer of his entire interest to her is invalid as an assignment then it should constitute a disclaimer under the right of disclaimer act, MCLA 554.511; MSA 26.1236(11). The document entitled "ASSIGNMENT BY BENEFICIARY" was signed September 20, 1972, and contains the following pertinent language:

"WHEREAS Gilbert Gardner no longer wishes to retain his said interests therein, the undersigned, Gilbert Gardner, sole remainder beneficiary of the Cornella N. Gilbert Trust II, dated September 7, 1966, as amended by a Will Contest Settlement Agreement dated July 22, 1970, with Ford C. Perne and the Union Bank and Trust Company as co-trustees, does hereby for good and valuable consideration, the receipt and adequacy of which is hereby acknowledged, assign and transfer all of his right, title, interest, and benefit in and under said Trusts and all interests therein to Mary G. Preminger and authorize her irrevocably as his attorney in fact to accept and receive all income profits and benefits payable to him, out of said Trust property."

Although the act does not require specific language in a document to qualify it as a disclaimer, any ambiguity in its intended effect will have to be determined by looking at the intent of the parties in signing it. See 93 ALR2d 8, § 31, pp 62–63. From the document's title, the receipt of consider-

ation, the direction that the assets be passed to plaintiff, and the use of words "assign and transfer", we conclude Gilbert Gardner intended to assign his interest, not disclaim it. We have previously noted that this assignment would be invalid under the terms of the spendthrift trust.

In summary, we find that Cornella Gilbert created a valid spendthrift trust to provide income of her two daughters and grandson during their lifetimes. The attempted assignments by the beneficiaries were invalid as being contrary to the provisions set forth in the trust. The settlor's intent was clear and will not be changed by sanctioning the acts of these beneficiaries.

Affirmed, costs to appellees.

All concurred.