HURLEY v HURLEY

Docket No. 51103. Submitted May 11, 1981, at Lansing.—Decided
    June 16, 1981. Leave to appeal applied for.

Phyllis L. Hurley brought an action against James O. Hurley and
    the Michigan National Bank as trustee of a spendthrift trust of
    which James O. Hurley was beneficiary, seeking full faith and
    credit of a Missouri child support judgment against James O.
    Hurley. Plaintiff subsequently moved to require the bank to
    pay past due and future trust income to her to satisfy the
    outstanding child support judgment. Ingham Circuit Court
    granted plaintiff's motion, Thomas L. Brown, J. Michigan Na-
    tional appeals. *Held:*

The lower court properly granted plaintiff's motion. The trust
    as created pursuant to the settlor's will executed in Missouri
    qualifies as a spendthrift trust. Under Missouri law in effect at
    the time of the creation of the trust, recovery of the trust
    income for child support could not be barred, and the settlor
    intended that the trust be administered according to Missouri
    law.

Affirmed.

1. TRUSTS — SPENDTHRIFT TRUSTS.

A spendthrift trust involves a gift only of trust income to a donee;
    the donee takes no estate, has nothing to alienate, has no right
    to possession of or beneficial interest to any land constituting
    the trust res, but has only a qualified right to support and an
    equitable interest in the income; the legal title of the res is
    vested in a trustee, and the trust is active.

2. TRUSTS — SPENDTHRIFT TRUSTS — TRUST INCOME — ALIMONY —
    CHILD SUPPORT.

The income of a spendthrift trust, in the absence of statutory

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 76 Am Jur 2d, Trusts § 147 *et seq.*
[2] 24 Am Jur 2d, Divorce and Separation §§ 724, 725.
    76 Am Jur 2d, Trusts § 178.
    Trusts income or assets as subject to claim against beneficiary for
    alimony, maintenance, or child support. 91 ALR2d 262.

provisions to the contrary, may be reached by the former spouse of a beneficiary to satisfy a claim for alimony, separate maintenance, or child support.

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Tim J. Donovan*), for plaintiff.

*Hubbard, Fox, Thomas, White & Bengtson, P.C.* (by *Michael G. Woodworth*), for defendant.

Before: R. M. MAHER, P.J., and ALLEN and CYNAR, JJ.

ALLEN, J. On March 31, 1980, Ingham County Circuit Court ordered garnishee-defendant, Michigan National Bank, to pay accrued and future income of a spendthrift trust to the court in satisfaction of an outstanding judgment for past due child support taken against defendant, James Hurley, former husband of plaintiff, Phyllis Hurley. Garnishee-defendant's motion for rehearing was denied on April 14, 1980. Garnishee-defendant appeals as of right.

The facts before this Court are undisputed. On September 26, 1966, Maybelle Hurley, defendant's mother and a resident of Missouri, executed a will in Missouri. The will devised the decedent's personalty and household goods and furnishings to defendant, her son James. The remainder of decedent's property was placed into four trusts. One-half of the property was placed in a spendthrift trust for James. He was to receive all income from the trust during his lifetime with the principal passing upon James' death into the trusts (described below) for James' two daughters, Linda Kay and Cherri Ann, the decedent's granddaughters. One-quarter of the property was placed into a spendthrift trust for the decedent's brother, Clif-

ford E. Hemmer. He was to receive all income from the trust during his lifetime with $5,000 passing to decedent's niece, Florence Yoshimoto, if she should survive Clifford, and the remainder passing into James's trust, if he survived Clifford; otherwise the remainder would pass in the same manner as James's trust, *i.e.,* to the decedent's granddaughters. The remaining one-quarter would be split equally between the decedent's two granddaughters. Until age 21, the granddaughters would receive only enough money for necessary maintenance, support, and education. From age 21 to age 28, the granddaughters would receive all income from the trusts. Upon reaching age 24, each granddaughter would receive one-half of the principal of the trust. Upon reaching age 28, each granddaughter would receive the remaining principal, and the trusts would terminate. The end result of the four interlocking trusts set up by the decedent is that each granddaughter or her issue would share the entire principal of all four trusts should they survive James. If neither granddaughter or her issue should so survive James, the entire principal of all four trusts would pass according to the statutes of descent and distributions of the State of Missouri as if the decedent had died intestate at the time of the termination of James's trust.

Plaintiff and defendant were divorced in Missouri approximately six years before the decedent executed her will in September, 1966. The decedent did not provide for plaintiff in her will. In 1970, decedent moved from Missouri to Michigan where she remained until her death in 1978. Defendant, James Hurley, moved from Missouri and presently resides in California. He failed to maintain his child support payments. In 1977, plaintiff filed suit in Missouri for past due child support,

and in 1979 obtained a Missouri judgment of $19,-630 principal plus $5,728 interest. In 1978, Maybelle Hurley died in Michigan, and her will was admitted into probate in Ingham County, Michigan. Garnishee-defendant, Michigan National Bank, was appointed trustee under the will.

In 1979, plaintiff filed a complaint in the Ingham County Circuit Court against defendant and garnishee-defendant, seeking full faith and credit of the Missouri child support judgment. Plaintiff then moved to require the garnishee-defendant, as trustee, to pay plaintiff the past due and future income from defendant's trust to satisfy the outstanding Missouri child support judgment. Garnishee-defendant answered, claiming that the income from the spendthrift trust was not subject to process by the court. On March 31, 1980, the trial court granted plaintiff's motion and ordered garnishee-defendant to pay due and future income into the court to satisfy plaintiff's outstanding judgment. Only garnishee-defendant appeals as of right.

The sole issue before the Court is whether plaintiff, as defendant's former wife, can reach by judicial process the income from a spendthrift trust created in favor of defendant, her former husband, to obtain satisfaction of plaintiff's judgment against defendant for past due child support. The trust established under the terms of Maybelle Hurley's will meets the definition of a spendthrift trust set forth in *Rose v Southern Michigan National Bank,* 255 Mich 275, 281; 238 NW 284 (1931), and quoted with approval in *Preminger v Union Bank & Trust Co, NA,* 54 Mich App 361, 365; 220 NW2d 795 (1974):

" 'In order to create a spendthrift trust certain prerequisites must be observed, to-wit: first, the gift to the

donee [footnote deleted] must be only of the income. He must take no estate whatever, have nothing to alienate, have no right to possession, have no beneficial interest in the land, but only a qualified right to support, and an equitable interest only in the income; second, the legal title must be vested in a trustee; third, the trust must be an active one.' "

Although the issue is one of first impression in Michigan,[1] it has been ruled upon in several other jurisdictions. The majority rule is that, in the absence of a specific state statute, the income of a spendthrift trust of which a former husband is the current income beneficiary may be reached to satisfy his former wife's claim for alimony, separate maintenance, or child support. See Anno: *Trust income or assets as subject to claim against beneficiary for alimony, maintenance, or child support,* 91 ALR2d 262, 271-272. Restatement Trusts, 2d, § 157, p 328, provides:

"Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary,
"(a) by the wife or child of the beneficiary for support, or by the wife for alimony * * *."[2]

---

[1] *Gilkey v Gilkey,* 162 Mich 664; 127 NW 715 (1910), cited by garnishee-defendant, is not applicable to the present facts. *Gilkey* involved a discretionary trust, not a spendthrift trust, and a claim against the corpus of the trust, not the income of the trust. We also note that in the 70-plus years since *Gilkey* was decided it has not been cited as authoritative by any Michigan court.

[2] The special Comment on § 157(a) of the Restatement Trusts, 2d, is as follows:

"Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against him for support by his wife or children. In some cases a spendthrift clause is construed as not intended to exclude the beneficiary's dependents. Even if the clause is construed as applicable to claims of his dependents for support, it is against public policy to give full effect to the provision. The beneficiary should not be permitted to have the enjoyment of his interest under the trust while neglecting to support his dependents."

See also II Scott on Trusts (3d ed), § 157.1, pp 1206-1216.

Several reasons have been advanced in support of the rule. Some courts adhere to the rationale by finding an intention on behalf of the settlor of the trust to allow a wife to enforce a claim for alimony, maintenance, or child support. *Howard v Spragins,* 350 So 2d 318, 322-323 (Ala, 1977), *Dillon v Dillon,* 244 Wis 122; 11 NW2d 628 (1943). In *Keller v Keller,* 284 Ill App 198; 1 NE2d 773 (1936), it was held that such an intention will be found unless the trust instrument discloses an intention that such a claim may not be enforced. Other courts have held that child support is not a "debt" contemplated by the spendthrift provision of a trust. *Marsh v Scott,* 2 NJ Super 240; 63 A2d 275 (1949), *In re Moorehead's Estate,* 289 Pa 542; 137 A 802 (1927). Still other courts have held that it would be against public policy to hold that a wife may not enforce child support claims against a recalcitrant husband. *Wife v Husband,* 286 A2d 256 (Del Ch, 1971), *In re Chusid's Estate,* 60 Misc 2d 462; 301 NYS2d 766 (1969). In accord with holding a spendthrift provision contrary to public policy is *Shelley v Shelley,* 223 Or 328; 354 P2d 282 (1960), which opines that if the beneficiary's interest cannot be reached to satisfy claims for alimony or child support, the state may be called upon to support the wife and children. Further, *O'Connor v O'Connor,* 3 Ohio Op 2d 186; 141 NE2d 691; 75 Ohio Law Abst 420 (Oh Com PL, 1957), holds that the husband has a legal duty to support his wife, that a father has a legal duty to support his minor children, and that these elements of public policy outweigh the public policy that an owner of property, such as the settlor of a trust, may dispose of it as he pleases and may impose spendthrift restraints on the disposition of income.

We find all of the above reasons persuasive and affirm, particularly in light of the existing law in Missouri at the time of the execution of the decedent's will and the creation of the present trusts. Missouri law provides, Mo Rev Stat § 456.080:

"All restraints upon the right of the cestui que trust to alienate or anticipate the income of any trust estate in the form of a spendthrift trust, or otherwise, and all attempts to withdraw said income of any trust estate from the claims of creditors of the cestui que trust, whether said restraints be by will or deed, now existing or in force, or, which may be hereafter executed in this state, be and the same are hereby declared null and void and of no effect, as against the claims of any wife, child or children, of said cestui que trust for support and maintenance, or, as against the claim of any said wife for alimony."

This law was in effect at the time of the creation of the present trusts. Therefore, the trusts as created, even though of a spendthrift nature, could not bar the recovery of the income from the trust for child support. We do not find that the settlor of these trusts intended to exclude such claims but rather intended the trusts to be administered in accordance with the laws of the state in which the trusts were created thereby allowing such claims.

The lower court order directing garnishee-defendant, Michigan National Bank, to pay the accrued and future income of defendant James Hurley's trust into the court in satisfaction of the outstanding child support judgment against defendant, James Hurley, in favor of plaintiff, Phyllis Hurley, was proper and is sustained.

Affirmed.