## COVERSTON v KELLOGG

Docket No. 65688. Submitted August 1, 1983, at Grand Rapids.—
Decided August 7, 1984.

Plaintiff, Mary C. Coverston, formerly Mary C. Kellogg, and
defendant Gerald P. Kellogg were divorced by a judgment
entered by the Kent County Circuit Court on November 2,
1972. The parties had two children. Pursuant to the judgment
of divorce, plaintiff was awarded $10,000 as alimony in gross to
be paid on or before November 2, 1976. The sum has not been
paid to the plaintiff. Defendant was also required to pay child
support. Under a will dated October 21, 1977, defendant Kel-
logg's mother established a testamentary trust for defendant
Kellogg. Mrs. Kellogg died on July 26, 1978. Her will was
subsequently admitted to probate and defendants Herbert El-
zinga and Michigan National Bank were appointed cotrustees
by order of the Kent County Probate Court. On July 7, 1980,
the Kent County Friend of the Court filed a petition in the
Kent Circuit Court for an order to show cause and an order for
attachment in an attempt to enforce the support provisions of
the divorce judgment. The orders were issued. Thereafter, the
trial court, Robert A. Benson, J., cancelled the order to show
cause and, on its own motion, issued an order to show cause
ordering the defendants to show why the Friend of the Court
should not be appointed as receiver of the trust fund for the
arrearages in child support and alimony payments. The trial
court then issued an opinion finding that the trust was not a
discretionary trust. The court impliedly found that the trust
was a spendthrift trust and that Michigan allowed the invasion
of spendthrift trusts in order to enforce child support and
alimony payments. Therefore, the trial court concluded that

REFERENCES FOR POINTS IN HEADNOTES
[1] 76 Am Jur 2d, Trusts § 153 et seq.
[2] 76 Am Jur 2d, Trusts §§ 105, 165, 169 et seq.
[3] 76 Am Jur 2d, Trusts § 148.
[4] 24 Am Jur 2d, Divorce and Separation §§ 767-769, 1057.
   76 Am Jur 2d, Trusts § 178.
Trust income or assets as subject to claim against beneficiary for
   alimony, maintenance, or child support. 91 ALR2d 262.

the income and the corpus of the trust were subject to payment of child support and the payment of alimony. In accordance therewith, the court issued an order on June 28, 1982, ordering defendant cotrustees to pay from the trust assets the previously ordered child support and alimony as well as the statutory oversight fee to the Friend of the Court. Defendant Kellogg appeals only from the order directing the cotrustees to pay $10,000 from the trust fund as a lump sum alimony payment. *Held:*

1. The Gerald Kellogg Trust is not a discretionary trust.

2. Whether the Gerald Kellogg Trust is a spendthrift trust or a support trust containing a spendthrift clause, the income from spendthrift as well as support trusts can be reached to satisfy a former wife's claims for alimony payments and child support.

3. While the income of the trust could be attached, the corpus of the trust could not be attached. Therefore, the Court of Appeals set aside the trial court's lump sum alimony award because the award was made under the assumption that both the income and corpus could be attached. The case was remanded to the trial court to establish a schedule of payments for the alimony claim to be paid from the income of the trust only. To prevent circumventing the plaintiff's rights, the trial court can order a lump sum payment if the trustees attempt to terminate the trust. The trial court can set up a monitoring system over the trust to require periodic reports reflecting the condition of the trust assets to prevent the trustees from depleting the trust assets without first satisfying the court's order for alimony payments. The trial court may so order the trustees accordingly.

Reversed in part and remanded.

1. TRUSTS — SPENDTHRIFT TRUSTS.

Certain prerequisites must be observed in order to create a spendthrift trust: first, the gift to the donee must be only of the income and the donee must take no estate whatever, have nothing to alienate, have no right to possession, have no beneficial interest in the corpus, but only a qualified right to support, and an equitable interest only in the income; second, the legal title must be vested in a trustee; third, the trust must be an active one.

2. TRUSTS — SUPPORT TRUSTS.

The beneficiary of a trust for support cannot transfer his interest and his creditors cannot reach it if by the terms of the trust it

is provided that the trustee shall pay or apply only so much of the income and principal or either as is necessary for the education or support of the beneficiary.

3. TRUSTS — SPENDTHRIFT TRUSTS — SUPPORT TRUSTS.

A spendthrift trust is distinguished from a support trust by the provision which forbids alienation preventing the transfer of the beneficiary's interest; in a support trust, it is the nature of the beneficiary's interest rather than a prohibition of alienation which prevents the transfer of the beneficiary's interest.

4. TRUSTS — SPENDTHRIFT TRUSTS — SUPPORT TRUSTS — TRUST IN-
COME — ALIMONY — CHILD SUPPORT.

The income from both spendthrift and support trusts, in the absence of statutory provisions to the contrary, may be reached by the former spouse of the current income beneficiary to satisfy the former spouse's claim for alimony or child support.

*Saukas, Bush & Idema, P.A.* (by *Michael L. Idema*), for plaintiff.

*Freihofer, Oosterhouse, DeBoer & Barnhart, P.C.* (by *Robert J. DeBoer*), for Gerald P. Kellogg.

Before: V. J. BRENNAN, P.J., and SHEPHERD and E. A. QUINNELL,* JJ.

PER CURIAM. Defendant Kellogg appeals as of right from a trial court order dated June 28, 1982, directing defendant cotrustees of the Gerald Kellogg Trust to pay $10,000 to plaintiff as a lump sum alimony payment.

The plaintiff and defendant Kellogg were divorced by a judgment dated November 2, 1972. The parties had two children, Kristine Marie, born May 2, 1965, and Karyn Mary, born July 10, 1968. Pursuant to the judgment of divorce, plaintiff was awarded $10,000 as alimony in gross to be paid on or before November 2, 1976. The sum has not been paid to plaintiff.

* Circuit judge, sitting on the Court of Appeals by assignment.

Under a will dated October 21, 1977, Edith Kellogg, defendant Kellogg's mother, established a testamentary trust for defendant Kellogg. Mrs. Kellogg died on July 26, 1978. Her will was subsequently admitted to probate and defendants Herbert Elzinga and Michigan National Bank were appointed cotrustees by order of the probate court.

On July 7, 1980, the Kent County Friend of the Court filed a petition for an order to show cause and an order for attachment which were issued in an attempt to enforce support provisions of the parties' divorce judgment. (Since 1973, several petitions had been filed and resolved for enforcement of the divorce judgment.) The trial court cancelled the order to show cause and, on its own motion, issued an order to show cause dated April 13, 1981, ordering defendants to show why the Friend of the Court should not be appointed as receiver of the trust fund for the arrearages in child support and alimony payments.

On December 22, 1981, the trial court issued an opinion finding that the trust established by Edith Kellogg was not a discretionary trust. Citing *Hurley v Hurley,* 107 Mich App 249; 309 NW2d 225 (1981), *lv den* 413 Mich 890 (1982), and the cases therein, the trial court impliedly found that the trust was a spendthrift trust and that Michigan allowed invasion of spendthrift trusts in order to enforce child support and alimony payments. Therefore, the trial court concluded that the income and the corpus of the trust were subject to payment of child support and the payment of alimony. In accord with its opinion, the trial court issued an order on June 28, 1982, ordering defendant cotrustees of the Gerald Kellogg Trust to pay from the trust assets previously ordered child support and alimony as well as the statutory

oversight fee to the Friend of the Court. Defendant Kellogg appeals only from the order directing the cotrustees to pay $10,000 from the trust fund as a lump sum alimony payment.

The issue for our determination is whether the trial court erred in concluding that the trust was a spendthrift trust and that the income and corpus of the trust were subject to the payment of alimony. Defendant Kellogg argues that the trust is a discretionary trust and as such it is not subject to a claim for alimony by the former spouse of the beneficiary.

Restatement Trusts, 2d, § 155(1), p 323 states:

"* * * if by the terms of a trust it is provided that the trustee shall pay to or apply for a beneficiary only so much of the income and principal or either as the trustee in his uncontrolled discretion shall see fit to pay or apply, a transferee or creditor of the beneficiary cannot compel the trustee to pay any part of the income or principal."

A trust containing this type of provision is known as a "discretionary trust". Comment b on § 155(1), Restatement Trusts, 2d. See also II Scott, Trusts (3d ed), § 155, pp 1180-1181, and Bogert, Trusts and Trustees (2d ed), § 228, pp 508-518. However, "[t]he trustee must have complete discretion to pay or apply or to totally exclude the beneficiary, if the trust is to be called 'discretionary' in a technical sense". Bogert, *supra,* pp 509-510. The rule stated in § 155(1) applies only in a situation where the trustee "may in his absolute discretion *refuse* to make any payment to the beneficiary or to apply any of the trust property for his benefit". Comment c, § 155(1), Restatement Trusts, 2d, pp 323-324. (Emphasis added.)

Likewise, the rule:

"* * * is not applicable where the trustee has discretion merely as to the time of payment, and where the beneficiary is ultimately entitled to the whole or to a part of the trust property.

"If by the terms of the trust the trustee *must* pay to or apply for the beneficiary the whole or any part of the income or principal, the interest of the beneficiary can be reached by his transferee or creditor, unless the trust is a spendthrift trust or a trust for the support of the beneficiary." Comment c, § 155(1), Restatement Trusts, 2d, p 324; see also Scott, *supra,* pp 1182-1183. (Emphasis added.)

Although ¶ 3(a) of the instant trust contains terminology purporting to vest the trustees with the absolute unfettered discretion to use the income and, if necessary, the principal for the benefit of Gerald Kellogg's welfare and maintenance during his lifetime, our examination of the remainder of the trust reveals that the settlor, Edith Kellogg, did not grant to the trustees the power to *refuse* to apply trust funds for the benefit of her son. Furthermore, under the terms of the trust, defendant Gerald Kellogg is ultimately entitled to the whole or part of the trust property.

Paragraph 3(b) vests the trustees with broad discretionary powers. Although they are not required to do so, they can elect to terminate the trust when the beneficiary attains the age of 50. However, the assets must then be distributed to Gerald Kellogg. If the trustees deem it to be in Gerald Kellogg's best interests, the trustees may hold the property in trust for the remainder of the beneficiary's lifetime *or* pay over and distribute such amounts to the beneficiary as they deem to be in his best interest. The trustees may also terminate the trust at a later date and pay over the assets to the beneficiary. Although the trustees have almost unlimited discretion with respect to

termination of the trust, we do not read this paragraph as a right of the trustees to refuse any payments for the benefit and maintenance of Gerald Kellogg during his lifetime. Again, this paragraph establishes that Gerald Kellogg will ultimately receive the whole of the trust property and only the manner of distribution and time for distribution of the trust assets are left to the discretion of the trustees.

Paragraph 3(f) also provides that the remaining balance of the trust shall be disposed of by the will of Gerald Kellogg. Alternately, if he did not dispose of the remainder, Kellogg's children would inherit the assets in equal shares, held in trust until each attains the age of 30. Thus, we conclude that the beneficiary, Gerald Kellogg, or his estate is ultimately entitled to most, if not all, of the trust income and corpus.

For the reasons set forth above, in our opinion, the testamentary trust created by the settlor is not a "discretionary trust". Therefore, the rule as stated in Restatement Trusts, 2d, § 155(1) does not apply as defendant Kellogg claims.

Paragraph 3(e) of the will contains the following provision which is commonly known as a spendthrift clause establishing a restraint on a beneficiary's right to alienate his interest in the trust:

"(e) To the extent permitted by law, no interest hereunder, except as expressly permitted hereunder, shall be subject to anticipation, or to pledge, assignment, sale or transfer in any manner, nor shall any beneficiary have the power in any manner to charge or encumber such interest, nor shall such interest be liable or subject in any manner for the liabilities of any beneficiary, whether such liabilities arise from his debts, contracts, torts or other engagements of any type."

The requisite elements for a valid spendthrift trust were set forth in *Rose v Southern Michigan National Bank,* 255 Mich 275; 238 NW 284 (1931):

" 'In order to create a spendthrift trust certain prerequisites must be observed, to wit: first, the gift to the donee must be only of the income. He must take no estate whatever, have nothing to alienate, have no right to possession, have no beneficial interest in the land, but only a qualified right to support, and an equitable interest only in the income; second, the legal title must be vested in a trustee; third, the trust must be an active one.' " *Rose, supra,* p 281, quoting *Kessner v Phillips,* 189 Mo 515; 88 SW 66 (1905).

See also *Preminger v Union Bank & Trust Co, NA,* 54 Mich App 361; 220 NW2d 795 (1974).

A spendthrift trust is distinguished from a support trust by the provision which forbids alienation preventing the transfer of the beneficiary's interest. In a support trust, "it is the nature of the beneficiary's interest" rather than a prohibition of alienation which prevents the transfer of the beneficiary's interest. See Comment b to Restatement Trusts, 2d, § 154, pp 320-321.

Restatement Trusts, 2d, § 154, p 320, Trusts for Support, provides in part:

"[I]f by the terms of a trust it is provided that the trustee shall pay or apply only so much of the income and principal or either as is necessary for the education or support of the beneficiary, *the beneficiary cannot transfer his interest and his creditors cannot reach it.*" (Emphasis added.)

Comment d to Restatement Trusts, 2d, § 154, p 321 explains:

"d. Where amount limited to education and support.

The rule stated in this section is applicable where by the terms of the trust the amount to be paid to or applied for the beneficiary is limited to so much of the income or principal as is in fact necessary for his education or support. The application of this section is not dependent upon the use of any particular form of words in the terms of the trust."

We need not determine today whether the instant trust is a spendthrift trust or a support trust containing a spendthrift clause because under Restatement Trusts, 2d, § 157, pp 328-329[1] the income

[1] "§ 157. *Particular Classes of Claimants*

"Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary,

"(a) by the wife or child of the beneficiary for support, or by the wife for alimony;

"(b) for necessary services rendered to the beneficiary or necessary supplies furnished to him;

"(c) for services rendered and materials furnished which preserve or benefit the interest of the beneficiary;

"(d) by the United States or a State to satisfy a claim against the beneficiary."

\* \* \*

"*Comment on Clause (a):*

"b. *Dependents of the beneficiary.* Although a trust is a spendthrift trust or a trust for support, the interest of the beneficiary can be reached in satisfaction of an enforceable claim against him for support by his wife or children. In some cases a spendthrift clause is construed as not intended to exclude the beneficiary's dependents. Even if the clause is construed as applicable to claims of his dependents for support, it is against public policy to give full effect to the provision. The beneficiary should not be permitted to have the enjoyment of his interest under the trust while neglecting to support his dependents. It is a matter for the exercise of discretion by the court having jurisdiction over the administration of the trust as to how much of the income under the trust should be applied for such support and how much the beneficiary himself should receive. Even though the beneficiary's wife has obtained a decree for alimony directing the beneficiary to pay certain sums to her, she cannot compel the trustee to pay her the full amount so decreed unless the court which has jurisdiction over the administration of the trust deems it to be fair to the beneficiary himself to compel the trustee to make such payment. The result is much the same as though the trust were created, not solely for the benefit of the beneficiary, but for the benefit of himself and his dependents."

from both spendthrift and support trusts can be reached to satisfy the claim of a former wife for alimony payments. See *Hurley, supra,* p 253,[2] which follows § 157 and the majority rule that "in the absence of a specific state statute, the income of a spendthrift trust of which a former husband is the current income beneficiary may be reached to satisfy his former wife's claim for alimony, separate maintenance, or child support".

In our opinion, we find the rule as stated in § 157, which is equally applicable to support trusts as well as spendthrift trusts, to be sound and we extend the *Hurley* opinion today to include claims of alimony in addition to child support against the income of spendthrift as well as support trusts.

The treatises discussing spendthrift trusts and the right of dependents to support provide for payments from the income and not the corpus of the trust. We analogize the income to work-related income. Obviously, a court cannot order an employer to pay one lump sum from the employee's future or present income to satisfy claims for support. Therefore, we set aside the trial court's lump sum alimony award because the award was made under the assumption that both the income and corpus of the trust could be attached. We remand this case to the trial court to establish a schedule of payments for the alimony claim to be paid from the income of the trust *only.* However, to prevent circumventing the plaintiff's rights, the court can order a lump sum payment *if* the trust-

[2] In *Hurley, supra,* the trusts were created by testamentary disposition under the laws of Missouri. At the time of their creation, Missouri had a statute providing that restraints on alienation of the income of a trust were void as against the claims of any wife or children for support and maintenance or alimony. Although the Court considered this statute when reaching its conclusion, we find that public policy and Restatement Trusts, 2d, § 157(a) are equally as persuasive even though Michigan does not have a comparable statute.

ees attempt to terminate the trust. Furthermore, the trial court shall set up a monitoring system over the trust to require periodic reports reflecting the condition of the trust assets to prevent the trustees from depleting the trust assets without first satisfying the court's order for alimony payments. The trial court may so order the trustees accordingly.

Reversed in part and remanded. We retain no further jurisdiction.