## Ludlow's Trustee v. Ludlow et al.

(Decided May 26, 1933.)

MYERS & HOWARD for appellant.

WM. H. NEWELL for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On June 20, 1924, William S. Ludlow, executed and delivered his deed of trust to appellant and plaintiff below, Jerome J. Weaver, wherein the grantor conveyed to his trustee a number of parcels of real estate in Covington, Ky., to be held, managed, and disposed of as therein directed, and for the proceeds to be paid to the grantor and trustor for and during his natural life, and after his death to certain named parties as therein prescribed. The deed was immediately delivered and recorded and thereby became effective for all purposes therein specified. The grantor and trustor died

in August, 1931, with the trust he had so created in full force and effect. But on August 6, 1927, some four years before his death, and slightly more than three years after the trust deed was executed, he became doubtful as to what he considered the true interpretation of section or clause 5 of his trust deed, and to clear away his conceived ambiguity of that clause he executed an explanatory writing declaring what was his intention and purpose in the employment of the language contained in clause 5 of his deed of trust, and which writing is in these words: "Whereas, there may be question in the future as to the construction to be put upon Section Five of that certain deed of trust made by the undersigned, Wm. S. Ludlow, to the undersigned, Jerome J. Weaver, as trustee, dated June 20, 1924, and recorded in Deed Book 205, page 451, of the records of Kenton County, Kentucky, in Covington Office of the Clerk of the County Court. It is now hereby stated and certified that it is and was my purpose and intention by the said deed of trust to have the said trustee, Jerome J. Weaver, pay to my niece, Adela Ludlow, after my death for her own use and benefit and not to be reinvested her full share of the net income derived from securities and investments and if such is not the expressed intent of said deed of trust in its original form, I now direct my said trustee and all others to whom the matter may legally come to so construe and execute the same trust deed, said income to be paid to her as and when the balance of the income from investments is paid to the others entitled to receive the same by the terms of said trust deed. And the said Jerome J. Weaver, trustee, for himself and his successors does hereby agree to accept the construction herein and hereby placed upon said deed of trust and agrees for himself and his successors to execute said deed of trust and its provisions in accordance with this construction."

It was duly signed and acknowledged by him and delivered to the trustee and was recorded. Conceiving that there was a material and, perhaps, fatal conflict between clause 5 of the trust deed, and the later executed explanatory writing of the trustor, the trustee filed this action in the Kenton circuit court on February 24, 1932, against appellees and defendants below (embracing all interested parties), and in his petition he averred the facts including those above referred to, and prayed for

398

an interpretation of the original trust deed, and whether or not the explanatory writing was a valid amendment thereto, and, if so, an interpretation of the trust deed as so amended. Upon submission, after all parties were before the court, it rendered judgment in accordance with the explanatory writing or amendment to the deed of trust (the terms of which we think are in conflict with the original), and to obtain a review of that judgment the plaintiff, trustee, prosecutes this appeal.

The learned trial judge found that all of the cestuis que trustent were sui juris and were before the court and do not object to the amendment nor did they resist the right of the trustor to so amend the terms of the original trust deed, but that on the contrary they consented thereto, and which finding we think is sustained by the record, and our opinion will be based on such an assumption. In the cases of Fidelity & Columbia Trust Co. v. Gwynn, 206 Ky. 823, 268 S. W. 537, 38 A. L. R. 937, Riedlin's Guardian et al. v. Cobb, 222 Ky. 654, 1 S. W. (2d) 1071, and Underhill v. United States Trust Co., 227 Ky. 444, 13 S. W. (2d) 502, we approved the doctrine that an active trust could be terminated or modified by the consent of all parties interested, provided they were sui juris. The language we employed in the Gwynn Case evidencing our approval of that doctrine was: ''There seems to be a generally recognized principle that a trust may be revoked at any time by the consent of all the interested parties, and the 'interested parties' seem to have been held to be the settlor and cestuis que trustent.'' The later cases are in accord therewith.

It, therefore, results that the court properly approved the interpretation of the trustor as contained in his amendment to his deed of trust, and the judgment is affirmed.