**Carla Ann Carrell BECKNAL, Appellant,**

**v.**

**June L. Carrell ATWOOD, Individually and as trustee of the Carrell Trust, Appellee.**

**No. 8519.**

Court of Civil Appeals of Texas, Amarillo.

Jan. 31, 1975.

Maner & Nelson, Loyd N. Jones, Lubbock, for appellant.

Bowers & Cotton, Forrest Bowers, Lubbock, for appellee.

REYNOLDS, Justice.

A declaratory judgment action, brought to construe an irrevocable spendthrift trust indenture and involving title to real property situated in Texas, resulted in a take-nothing judgment which adjudicated title to the Texas realty. A different adjudica-tion of title interests is required. Modified and affirmed.

On September 19, 1960, Rex Carrell executed an indenture of trust to create the "Carrell Trust," expressed to be irrevocable, for the benefit of his children, Carla Ann Carrell, Madeline Sue Carrell and Melvin Wade Carrell, for a period of ten years. His wife, June L. Carrell, was appointed primary trustee and, in the event of her inability to serve, a bank was named as substitute trustee. Universal powers of management over and disposition of the trust estate were conferred on the trustee, who was empowered to use the income and corpus of the trust estate for the keep, care and education of the beneficiaries. A clause prohibited any beneficiary from alienating the corpus of or the income from the trust estate. At the end of the term of the trust, the trustee was directed to make distribution of the remaining trust estate to the beneficiaries, share and share alike, or to their heirs.

On the same day, the trustor executed a general warranty deed conveying to June L. Carrell, trustee, realty described as follows:

Tract One: All of the Northwest One-fourth (NW/4) of Section Fifty-eight (58) and the South 27 acres of the Southwest One-fourth (SW/4) of Section Fifty-five (55), Block Two (2), W. E. Halsell Subdivision, Lamb County, Texas, together with improvements thereon situated;

Tract Two: Lots Thirteen (13), Fourteen(14) and Fifteen (15), Block E, Ruidoso Pine Lodge Subdivision, Ruidoso, Lincoln County, New Mexico according to map or plat of said subdivision, together with improvements thereon situated;

for the benefit of the beneficiaries of the Carrell Trust.

Thereafter, on June 18, 1965, the three named beneficiaries and their spouses executed a warranty deed conveying unto

"June Laverne Carrell, for life, and upon her death, then to Rex Carrell for life . . . all our right, title and interest, including any interest which we may own at the present time, or any interest which we may attain as remaindermen under the terms of the Carrell Trust, in and to . . . The Northwest Quarter (NW/4) of Section 56, and the South 26.97 acres of the Southwest Quarter (SW/4) of Section 55, both in Block 2, W. E. Halsell Subdivision in Lamb County, Texas." Subsequently, on January 31, 1967, the same beneficiaries, joined by the spouses of those then married, executed a correction instrument to rectify the misdescription of Section 58 as Section 56 in the June 18, 1965 deed which, as corrected, was ratified.

On January 24, 1974, plaintiff Carla Ann Carrell Becknal[1] instituted this action for declaratory judgment against defendant June L. Carrell Atwood individually and as trustee of the Carrell Trust. Alleging the existence of a justiciable issue between the parties, plaintiff sought a construction of the trust indenture to determine the title to the Texas realty only. Defendant answered that plaintiff's June 18, 1965 conveyance, as corrected and ratified by the January 31, 1967 instrument, served to convey plaintiff's interest in the property and asserted the defenses of laches, statutes of limitation and equitable estoppel to any interest plaintiff had in the Texas realty except for an undivided one-sixth remainder interest to take effect upon the death of the defendant.

At a hearing before the court sans a jury, plaintiff introduced the trust indenture and the September 19, 1960 deed to the trustee and rested. Defendant elected to present evidence concerning the controversy.

Called as an adverse witness, plaintiff testified that Section 58 was "the land on which we lived," and she affirmed that her father "tried to put . . . the Community Estate belonging to him" and to her mother in a trust for the children. She acknowledged her signatures to, but denied any recollection of executing, the June 18, 1965 deed and the January 31, 1967 correction instrument; however, she stated she signed "some papers" at the request of her mother "so that my mother could borrow some money on the farm" to pay her father's debts.

Melvin Wade Carrell testified that by the June 18, 1965 deed he intended to give the property to his mother for life, and that his understanding was not that the deed cancelled the trust, but that it had to be "drawn up" so his mother could "retain" a loan at the bank.

During the examination of these two witnesses, evidence was adduced showing that on the same day the beneficiaries executed the 1965 deed, June Laverne Carrell, individually and as trustee of the Carrell Trust, and Rex Carrell executed a deed of trust conveying the Texas realty in trust to secure a $13,000 note; that subsequently the note was paid in full; and that Rex Carrell died in 1969. No other witness was called to testify.

Decreeing that plaintiff take nothing against defendant, the trial court's judgment further declared that defendant owns an undivided one-half interest in the Texas realty in fee simple and owns the remaining one-half interest therein as life tenant. The judgment further declared that the remainder interest in the life estate was owned in equal shares by defendant's three children, Madeline Sue Carrell Williamson, Melvin Wade Carrell and Carla Ann Carrell Becknal, who is one and the same person as Carla Ann Carrell Becknal Temple and whose remainder interest was decreed to be an undivided one-sixth of such land to take effect upon the death of defendant.

1. Plaintiff testified that her name was Carla Ann Carrell Becknal Temple and that she married Mike Temple prior to filing this action; however, no suggestion of change of name has been filed and all of the documents in this record are styled with plaintiff's surname as Becknal.

Responding to plaintiff's request therefor, the trial court made and filed findings of fact and conclusions of law. Corresponding to the numbered factual findings material to this appeal, the court found that (1) the property described in Rex Carrell's September 19, 1960 deed constituted, and the deed made a gift of, virtually the entire community estate of Rex Carrell and June L. Carrell (Atwood) and, if the deed is given effect, the conveyance would be such an excessive gift of the community estate that it would constitute a constructive fraud upon defendant's interest in the community estate; (2) the June 18, 1965 deed as corrected and ratified by the January 31, 1967 deed was executed with the intent, both actual and as expressed in the deed, on the part of all grantors and grantees to operate as a dissolution and termination of the Carrell Trust and to convey to defendant ownership for life of the land formerly constituting the corpus of the trust, with remainder over to Rex Carrell for his life if he should survive defendant; and that (3) the trustor and trustee accepted the conveyance as a dissolution of the Carrell Trust.

The court concluded as a matter of law that (1) although Rex Carrell had the power under the then applicable statute to convey the community estate without the joinder of defendant, his attempted conveyance of virtually all of the community estate as a gift operated as a constructive fraud upon defendant's interest in the community estate and, therefore, the trustor's deed only conveyed his undivided one-half interest in the community estate and operated to partition the property so that defendant became the owner in fee simple of the other undivided one-half interest as her separate property; (2) the Texas Trust Act did not prevent modification or termination of the trust, and the conveyance by the beneficiaries, acquiesced in by the grantees, effected a termination of the trust and conveyed to defendant for life, with remainder to Rex Carrell for life if he survived defendant, the undivided one-

half interest in the land which had been the corpus of the trust; defendant's title to the land is not aided by (3) the doctrine of after-acquired title or (4) the statutes of limitation; (5) the property conveyed by the beneficiaries will revert to them upon defendant's death; and (6) an undivided one-half interest in the land in question is owned in fee simple by the defendant, who owns the other undivided one-half interest as life tenant, with remainder at her death to the three beneficiaries in equal shares.

In eight points of error, plaintiff attacks the court's factual findings and legal conclusions that the trustor's 1960 deed conveyed virtually all of the community estate as a gift and operated as a constructive fraud on the wife's interest in the community. Point nine is that the court erred in granting judgment based on a theory of constructive fraud absent a supporting pleading. The tenth and last point challenges the court's holding that the deeds of the beneficiaries terminated the trust, because such deeds, as violative of the terms and conditions of the trust, were void. Defendant's reply points seek to justify the correctness of the court's findings, conclusion and judgment, particularly urging that the deeds of the beneficiaries legally terminated the trust.

The evidence given by the plaintiff herself is a sufficient predicate for the court's determination that the trust corpus consisted of virtually all of the community estate of Rex Carrell and his wife, June L. Carrell. Under the provisions of Vernon's Ann.Civ.St. art. 4619 which were in effect at the time the husband-trustor conveyed the real property to the wife-trustee, he had the power, in the absence of either actual or constructive fraud, to control and dispose of the community property. Krueger v. Williams, 163 Tex. 545, 359 S.W.2d 48 (1962). There is not made here any contention that actual fraud existed.

Nevertheless, neither the pleadings nor the evidence will support the factual finding and the legal conclusion, or a

judgment based thereon, that the trustor's 1960 conveyance, if given effect, operates as a constructive fraud upon the wife's interest in the community. Constructive fraud arises through some breach of a legal or equitable duty which, irrespective of moral guilt, the law pronounces fraudulent because of its tendency to deceive others, to violate confidence, or to injure public interests. Archer v. Griffith, 390 S.W.2d 735, 740 (Tex.1964). Aside from the fact that the wife's active role in the trust plan as the trustee negates the issues of, and there is a complete absence of evidence even intimating, deceit, violation of confidence or injury to public interests, the determinative fact is that the wife, as defendant in this action, neither pleaded nor offered any evidence of any fact that would constitute constructive fraud. Therefore, there is no basis for the court's determination that constructive fraud operated to invalidate the conveyance of, and to partition to the wife, her undivided one-half interest in the community property. Land v. Marshall, 426 S.W.2d 841, 846 (Tex.1968). Consequently, we hold that the trustor's 1960 deed conveyed all of the community interest in the land described in the deed.

■■ In conveying the property to the trustee for the benefit of the trust beneficiaries, the trustor vested the legal title to, and the right of possession of, the trust property in the trustee, and vested the equitable title in the beneficiaries. Long v. Long, 252 S.W.2d 235, 247 (Tex.Civ.App. —Texarkana 1952, writ ref'd n.r.e.). The parties are agreed that the Carrell Trust was a spendthrift trust and, while the general rule as stated in *Long* is that the beneficiaries of a spendthrift trust may not alienate or encumber their estate or interest in the trust property, the parties are further agreed that Sayers v. Baker, 171 S. W.2d 547 (Tex.Civ.App.—Eastland 1943, no writ), is authority that a spendthrift trust may be modified or terminated by the consent of all the parties to it. *Sayers,* therefore, is a sufficient answer to plaintiff's contention that the 1965 deed of the beneficiaries, to which the acquiescence of the trustor and trustee is adequately shown, is void because of the trust indenture's prohibition on alienation, but the case is not, as defendant submits, authority for the proposition that the conveyance by the beneficiaries terminated the trust.

■ The 1965 deed as corrected and ratified by the 1967 instrument does not manifest the consent of all the parties to terminate the trust; to the contrary, the very language of the 1965 deed in speaking of any interest that the beneficiaries may attain as remaindermen under the terms of the trust expresses a continuation of the trust status. Furthermore, the evidence bearing on the circumstances under which the 1965 deed was executed denies an intent on the part of all the parties to agree that the conveyance terminated the trust. Moreover, the New Mexico real estate was not affected by the instruments executed by the beneficiaries and its status as trust corpus prevented a termination of the trust.

■ However, in the light of the evidence before the court, the 1965 and 1967 instruments signed by the beneficiaries and accepted by the trustor and trustee show a consent to modify or change the trust to the extent that the Texas realty was withdrawn from the operation of the trust for the life of the trustee and then for the life of the trustor in order to effect a loan to pay the trustor's debts. The legal effect of the beneficiaries' conveyance of "all our right, title and interest, including any interest which we may own at the present time, or any interest which we may attain as remaindermen under the terms of the Carrell Trust, in and to" the Texas realty is that they carved out of their then vested equitable title to this trust property, as well as out of their estate as remaindermen of the legal title, a temporary use and enjoyment of the Texas realty by and for the life of the trustee, and then by and for the life of the trustor if he survived the trus-

tee; but, except for their conveyance, the beneficiaries were still the owners of the beneficial or equitable title and remaindermen of the legal title then vested in the trustee. Glenn v. Holt, 229 S.W. 684 (Tex.Civ.App.—El Paso 1921, no writ). Had both the trustor and trustee died before the September 19, 1970 termination date of the trust, the estates for life in the Texas real property would have reverted as a part of the trust corpus under the trusteeship of the bank named substitute trustee. In that event, the property would have composed a part of the corpus of the trust until its stated termination, at which time the beneficiaries would have become owners, in equal shares, of the fee simple title to all the property. But, since the defendant's life was extended beyond the termination date of the trust, the merging of the complete title to the Texas realty in the beneficiaries has been, and will continue to be, postponed during her life.

Accordingly, we hold that the title to the Texas realty described above is vested in the three beneficiaries—Madeline Sue Carrell Williamson, Melvin Wade Carrell and Carla Ann Carrell Becknal, who is one and the same person as Carla Ann Carrell Becknal Temple—each of whom owns an undivided one-third interest therein, subject to defendant June L. Carrell Atwood's life estate. To this degree, plaintiff's points of error are sustained; otherwise, the points are overruled.

To the extent that the trial court's findings of fact, conclusions of law and judgment conflict with our judgment, the findings and conclusions are set aside, and the trial court's judgment is modified to decree that title to the described Texas realty is vested in the three named beneficiaries of the Carrell Trust, in equal shares, subject to the life estate vested in defendant June L. Carrell Atwood. As modified, the judgment of the trial court is affirmed.

Each party is assessed one-half of the costs.