Steven Patrick **MUSICK** and John Kenneth Musick, Appellants,

v.

Joe **REYNOLDS** et al., Appellees.

No. 11–89–205–CV.

Court of Appeals of Texas, Eastland.

Oct. 25, 1990.

Rehearing Overruled Nov. 29, 1990.

Bob Heath, Houston, for appellants.

Kay K. Daniel Pierce, Joe H. Reynolds, Reynolds, Cunningham, Peterson & Cordel, Houston, for appellees.

## OPINION

ARNOT, Justice.

This is a summary judgment case. Steven Patrick Musick and John Kenneth Musick, appellants, brought a declaratory judgment action each seeking to establish a one-fourth ownership in the "Revised Ted Musick Trust," an irrevocable spendthrift trust. Because their ownership in the trust had been previously litigated in a suit which had resulted in a settlement agreement, the trial court granted a summary judgment in favor of appellees: Joe Reynolds, present trustee of the trust; Rafael Gonzalez (R.G.) de Alba, former trustee of the trust; and Holly Lynne Musick and Susan Dee Warren Musick Walters, named beneficiaries under the trust. Because there is a material issue of fact as to whether appellants own an interest in a 100–acre tract of land, we reverse the judgment of the trial court and remand the cause for trial on the merits.

On March 10, 1972, Ted Musick executed a document entitled the "Revised Ted Musick Trust." The trust was made irrevocable for a period of ten years. The relevant portions of the trust are as follows:

### I.

WHEREAS, the said property is the separate property of Ted Musick; and, whereas, it is necessary for him to receive the rents, profits, increase and income of all said property hereinafter described as a maintenance for the property; as a maintenance for the proper care and education of his children and any other children born to him or legally adopted by him, who are designated as beneficiaries of this Trust, SUSAN DEE WARREN MUSICK WALTERS, age 22 and HOLLY LYNN MUSICK, age 14 and the necessary care of his ex-wife, ALMITA H. MUSICK and the necessary care, education and maintenance of his nephews, STEVEN PATRICK MUSICK and JOHN KENNETH MUSICK, all beneficiaries of this trust.

### XVI.

No interest or any part of the interest of any beneficiary of this Trust shall be subject in any event to sale, alienation, hypothecation, pledge, transfer, or subject to any debt of said beneficiary or

any judgment against said beneficiary or process in aid of execution of said judgment.

On the same day that the trust was created, Ted Musick funded the trust by conveying to the trustee two separate pieces of real property identified by the litigants as the "Woodlands 618 Property" and the "San Jacinto Street Property."

In 1979, litigation styled *Hollingsworth v. Lucas,* Cause No. 594,300, ·was pending in the 113th District Court in Harris County. The basis of that lawsuit was various claims of ownership in four tracts of land. One of the tracts of land, designated as "TRACT NO. 2," was the "San Jacinto Street Property." The parties involved in that lawsuit were: Mary Ann Musick (appellants' mother and widow of Levoy Musick [Ted Musick's brother]); TWI Development Corporation; Ted Musick (individually and as agent for and beneficiary of the "Revised Ted Musick Trust"); R.G. de Alba (trustee of the "Revised Ted Musick Trust"); Almita Musick (ex-wife of Ted Musick); Susan Dee Warren Musick Walters; Holly Lynne Musick; Steven Musick; and John Musick.

To settle the dispute as to the ownership of the four tracts of land, the parties entered into a settlement agreement in 1979. The parties agreed that title to the "San Jacinto Street Property" would be vested in the trust. The agreement expressed the intention of the parties that each appellant retain his undivided one-sixth beneficial interest in the "San Jacinto Street Property" under the terms of the trust. To assure appellants that the interest would be maintained, Ted Musick agreed to relinquish any power to terminate the trust as to appellants' interest. Also, the trustee agreed to execute a deed of one-sixth interest to each appellant that would come into effect in the event: (a) the trust was terminated by the settlor, Ted Musick; (b) the trust was terminated by the trustee under the terms of the trust; or (c) Ted Musick revised the trust in an attempt to change appellants' interest in this tract.

Pursuant to the settlement agreement, the parties executed various documents.

On May 23, 1979, Mary Ann Musick, TWI Development Corporation, and the two appellants conveyed by quitclaim deed any right, title, or interest, legal or beneficial, that they had in the "San Jacinto Street Property" to R.G. de Alba, trustee for the "Ted Musick Trust." Ted Musick executed a "Limited Renunciation of Power to Terminate Trust" on May 24, 1979. On May 23, 1979, R.G. de Alba, as trustee, conveyed to each individual appellant an undivided one-sixth interest in the "San Jacinto Street Property," subject to the three conditions precedent.

With regard to the "Woodlands 618 Property," the parties in the litigation recognized that neither Mary Ann Musick nor TWI had any interest in this property. Appellants had a one-sixth interest each by the terms of the trust. The settlement agreement recites that appellants agreed to quitclaim this beneficial interest in this tract as an "inducement to Ted Musick and to the remaining beneficiaries of the Trust to approve and enter into this settlement agreement." On June 11, 1979, by quitclaim, appellants conveyed whatever right, title, or interest that they had in the "Woodlands 618 Property" to R.G. de Alba as trustee for the trust. The settlement agreement also provided that the quitclaim deed would not pass any title which appellants may subsequently acquire in the 618 acres.

Almita Musick, ex-wife of Ted Musick and named beneficiary in the trust, died on March 29, 1981. The "Woodlands 618 Property" was sold in April 1981. Ted Musick died on December 14, 1981, which was during the period of time that the trust was, by its terms, irrevocable. His will provided that all of his property was to go into the trust. Musick's property included 100 acres of land in Harris County conveyed to Musick in December 1980. The 100–acre tract was ultimately sold to Harris County in August 1985.

On May 8, 1985, appellants brought this suit seeking a determination that they were equal beneficiaries with Holly Lynne Musick and Susan Dee Warren Musick Walters of the entire trust estate. The substi-

tute trustee, Joe Reynolds, pursuant to the settlement agreement and quitclaim deeds, refused to apportion any interest in the trust to appellants.

The trial court, after both sides moved for summary judgment, granted appellees' motion and denied appellants' motion. The trial court specifically stated in its judgment that:

(1) [T]he [appellants] have no right or interest in the real property commonly referred to as the Woodlands 618 Property;

(2) [T]he [appellants] have no interest in that certain 100 acres of land located in Harris County, Texas, conveyed ... by Ted Musick, et al;

(3) [T]he [appellants] are entitled to none of the proceeds derived from the sale of said 100 acres to the County of Harris by Ted Musick, et al;

(4) [T]he [appellants] have an undivided one-sixth (⅙) interest in the parcel of property commonly referred to as the San Jacinto Street Property.

In their first point of error, appellants argue that the trial court erred in not granting their motion for summary judgment. In their second point of error, appellants argue that the trial court erred in granting appellees' motion for summary judgment.

When reviewing a summary judgment, this Court will adhere to the following standards:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law;

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Goswami v. Metropolitan Savings and Loan Association,* 751 S.W.2d 487, 491 (Tex.1988); *Nixon v. Mr. Property*

*Management Company, Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985).

When both appellants' and appellees' motions for summary judgment are properly before the trial court, all evidence accompanying both motions is considered in deciding them. *DeBord v. Muller,* 446 S.W.2d 299, 301 (Tex.1969). In discharging their burden of demonstrating that the trial court's decision was erroneous because appellees failed to establish as a matter of law the absence of an issue of material fact, appellants must point out any fact question which allegedly existed on material issues. *Kimble v. Aetna Casualty and Surety Company,* 767 S.W.2d 846, 847 (Tex.App.—Amarillo 1989, writ den'd).

Appellants' points of error are predicated in part on the proposition that an irrevocable spendthrift trust cannot be modified. In *Sayers v. Baker,* 171 S.W.2d 547 (Tex.Civ.App.—Eastland 1943, no writ), this Court held that if a settlor of a trust is alive and all of the beneficiaries of an irrevocable spendthrift trust consent (and there being no incapacity to consent by any of the parties), the settlor and all of the beneficiaries may consent to a modification or termination of the trust. Because an irrevocable spendthrift trust can be modified, we reject appellants' contentions. See also *Becknal v. Atwood,* 518 S.W.2d 593 (Tex. Civ.App.—Amarillo 1975, no writ).

Having determined, as a matter of law, that an irrevocable spendthrift trust can be modified, we will now examine the summary judgment proof to determine if the trust was in fact modified. The summary judgment proof before the trial court was as follows: (1) the "Revised Ted Musick Trust"; (2) a 1972 deed executed by Ted Musick, individually and as settlor, conveying the "Woodlands 618 Property" to Janet Sue Weeren, trustee; (3) a 1972 deed executed by Ted Musick conveying the "San Jacinto Street Property" to Janet Sue Weeren, Trustee; (4) the 1979 settlement agreement in which all of the parties agreed to settle the litigation styled *Hollingsworth v. Lucas;* (5) an affidavit by Joe Reynolds (the present trustee of the trust) which stated the present status of the cor-

pus of the trust; (6) appellants' 1979 quitclaim deed, executed individually and as beneficiaries of the trust, conveying whatever right, title, and interest they owned in the "Woodlands 618 Property" to R.G. de Alba, as trustee of the trust; (7) appellants' 1979 quitclaim deed conveying whatever right, title, and interest they owned in the "San Jacinto Street Property" to R.G. de Alba, as trustee for the trust; (8) R.G. de Alba's 1979 deed to appellants conveying an undivided one-sixth interest each in the "San Jacinto Street Property" subject to the conditions precedent; (9) a 1979 "Limited Renunciation of Power to Terminate Trust" executed by Ted Musick; (10) Ted Musick's will and probate proceedings; (11) a warranty deed conveying approximately 100 acres to "Ted Musick, Agent"; and (12) a special warranty deed conveying the 100 acres to Harris County, Texas.

There is no material issue of fact that appellants executed the 1979 settlement agreement. The settlement agreement recites that its purpose is to determine the ownership of certain tracts of land including the "San Jacinto Street Property." To settle the *Hollingsworth v. Lucas* litigation, appellants conveyed any and all beneficial interest they had in the trust as to the "Woodlands 618 Property." In exchange, they received assurances that their undivided one-sixth interest each in the "San Jacinto Street Property" would not be lost. As consideration for entering into the settlement agreement, Ted Musick executed the "Limited Renunciation of Power to Terminate Trust" which expressly prohibited Ted Musick from doing anything which might affect appellants' interest in the "San Jacinto Street Property." Appellants argue that the quitclaim deeds they executed were legal nullities because a beneficiary cannot alienate his interest in a spendthrift trust and because appellants' interest in the trust was only a future contingency or expectancy at the time of the execution of the quitclaim deeds. We do not agree with appellants' assertions. The settlement agreement and quitclaim deeds were executed to effectuate a modification of the trust in conformity with the settlement agreement.

■ Appellants argue that, even if an irrevocable spendthrift trust can be modified and if the trust was in fact modified, the trust was not properly modified because "all" of the parties did not consent to the modification. Paragraph No. I of the trust provided that "any other children born to [Ted Musick] or legally adopted by him, who are designated as beneficiaries of this Trust" would be additional beneficiaries under the trust. Because these unborn beneficiaries did not consent to the modification, appellants urge that "all" of the beneficiaries did not consent to the modification. It is undisputed that, at Ted Musick's death, no children other than his two named beneficiary daughters had been born to or adopted by him. Therefore, all of the beneficiaries consented to the modification. Moreover, a trust can be modified without the consent of unascertained beneficiaries if their interests are not prejudiced by the modification. RESTATEMENT (SECOND) OF TRUSTS § 338(2) (1959). It is apparent, through the modification, that an additional beneficiary's interest would not have been prejudiced because appellants *reduced* their present interest in the trust to a mere undivided one-sixth interest each in the "San Jacinto Street Property."

■ Having determined that an irrevocable trust can be modified and having determined that the trust was in fact modified, we will address appellants' contention that the trial court erred in finding that they have no interest in the 100–acre tract of land and that they are not entitled to the proceeds of the sale of the 100–acre tract of land. Appellants urge that there is an issue of fact as to whether they are entitled to an interest in the proceeds from the sale of the 100–acre tract of land. We agree.

The summary judgment proof includes a warranty deed dated December 1, 1980, from Frederick H. Weihrich and wife to "Ted Musick, Agent," conveying a 100–acre tract of land and securing a $427,-185.78 purchase price obligation with a vendor's lien.

Ted Musick died on March 29, 1981. Ted Musick's will devised all of his property to

the trust. Paragraph No. V of the "Revised Ted Musick Trust" provides:

> The Grantor reserves the right to himself or to any other person at any time by will or deed to add to the corpus of the Trust created herein, and any property so added shall be held, administered and distributed under the terms of this agreement.

The inventory and appraisement of Musick's estate do not include the 100–acre tract, even though the summary judgment proof does not reveal any conveyance by "Ted Musick, Agent," prior to his death.

The "Woodlands 618 Property" was sold in 1981. This deed is not included in the summary judgment evidence. However, the summary judgment evidence does include a deed of trust dated May 15, 1981, from Stacy Crumley, trustee, to Ted Musick. This instrument conveyed a 627–acre tract of land which included the "Woodlands" 618 acres. This instrument was given to secure other indebtedness and recites that Stacy Crumley, trustee, assumed the $427,185.78 obligation owed to the Weihriches by "Ted Musick, Agent," for the purchase of the 100–acre tract. The lien is given in security for Ted Musick; R.G. de Alba, trustee of the "Ted Musick Trust"; Almita Musick; Susan Dee Warren Musick Walters; and Holly Lynne Musick.

On August 22, 1985, Joe Reynolds, acting as Independent Executor of the Estate of Ted Musick and acting as successor trustee of the "Revised Ted Musick Trust"; Susan D. Bristol (formerly Walters); and Holly Lynne Musick conveyed the 100–acre tract of land in dispute to Harris County.

In his affidavit to support appellees' motion for summary judgment, Joe Reynolds states that the "100 acres were sold to Harris County as a part of the consideration of the Woodlands 618 Property sale."

Appellees assert that the record conclusively establishes that the 100 acres was acquired in exchange for the "Woodlands 618 Property"; therefore, appellants are not entitled to any interest in this tract. We disagree. The Crumley deed of trust states that the purchaser of the 618 acres assumed the obligation owed on the 100 acres. Yet, the record shows that title to the 100 acres was in "Ted Musick, Agent," at his death. Ted Musick's estate passed to the trust. However, the affidavit of Joe Reynolds states that the primary assets of the trust are the "San Jacinto Street Property" and the remaining proceeds of the sale of the 618 acres.

There appears to be a material issue of fact as to how the 100–acre tract became part of the corpus of the trust: was it in fact in exchange for "Woodlands 618 Property" in which appellants owned no interest or was it in fact devised to the trust by Musick's will in which event appellants may own an interest. To the extent that proceeds from the sale of appellees' "Woodlands 618 Property" was used to pay for the purchase of the 100–acre tract now in trust, appellees may be entitled to a reimbursement.

Reviewing all of the summary judgment evidence, we hold as a matter of law that the settlor and all of the beneficiaries modified the "Revised Ted Musick Trust." However, because there are material issues of fact as to whether appellants owned an interest in the proceeds of the sale of the 100–acre tract, the trial court erred in granting appellees' motion for summary judgment. Therefore, appellants' second point of error is sustained. We overrule appellants' first point of error in which they complain that the trial court erred in not granting their motion for summary judgment.

The judgment of the trial court is reversed, and the cause is remanded for trial.