HEIN v HEIN

Docket No. 162284. Submitted August 8, 1995, at Lansing. Decided November 21, 1995, at 9:10 A.M.

Edmund Hein petitioned the Genesee County Probate Court for an order to terminate an irrevocable spendthrift trust and provide other relief. Edmund and his wife, Else Hein, were the trust's settlors and lifetime beneficiaries and the residual beneficiaries were their children. The respondent, Herbert Hein, is the settlors' son and both trustee and a residual beneficiary of the trust. All the concerned parties are living and none are incapacitated. The parties, working with a mediator, drafted a settlement agreement that proposed to terminate the trust in exchange for dismissing all the issues raised except with regard to the respondent's alleged failure to account. Respondent's counsel indicated that the respondent desired to be released from all his duties as trustee, including his accounting duties, in exchange for terminating the trust. However, respondent's counsel conceded that the court could not abdicate its jurisdiction over accountings and consented to the settlement agreement. The court, Bruce A. Newman, J., entered a consent judgment that reflected the settlement agreement. The respondent appealed.

The Court of Appeals *held:*

1. The respondent consented to the termination of the trust in his capacity as beneficiary. His objections were made in his capacity as trustee.

2. The consent of the trustee is not required before a court may terminate an irrevocable spendthrift trust where the settlors and all the beneficiaries consent to its termination.

3. A trustee is not a beneficiary of a trust.

Affirmed.

1. TRUSTS — SPENDTHRIFT TRUSTS — TERMINATION.

A court may terminate an irrevocable spendthrift trust without the consent of the trustee where the settlors and all the beneficiaries consent to its termination.

REFERENCES

Am Jur 2d, Trusts §§ 2, 57-63, 155-158.

See ALR Index under Spendthrift Trusts; Trusts and Trustees.

2. TRUSTS — TRUSTEES — BENEFICIARIES.
   The trustee of a trust is not a beneficiary of the trust.

*Maddin, Hauser, Wartell, Roth, Heller & Pesses, P.C.* (by *Richard J. Maddin* and *Paul P. Asker*), for the petitioner.

*Cline, Cline & Griffin* (by *Timothy H. Knecht* and *John H. Cline*), for the respondent.

Before: MARILYN KELLY, P.J., and CORRIGAN and C. D. STEPHENS,* JJ.

CORRIGAN, J. Respondent Herbert Hein, trustee, appeals as of right an order denying his petition to set aside a judgment terminating the trust of which he was trustee and a residual beneficiary. We affirm.

The trust in question was an irrevocable spendthrift trust. The settlors and lifetime beneficiaries were Edmund and Else Hein, and the residual beneficiaries were their children. Respondent, the settlors' son, was both the trustee and a residual beneficiary of the trust. All the concerned parties are living, and none are incapacitated.

Edmund Hein petitioned to terminate the trust, delete specific property from the trust, remove the trustee, or compel the trustee to pay restitution to the trust and settlors. The petition alleges that respondent did not fulfill his duties as trustee, specifically, that he misused a power of attorney, exerted undue influence over petitioner, commingled funds, misappropriated trust funds, took unreasonable compensation, and failed to make regular accountings.

The parties, working with a mediator, drafted a settlement agreement that they later presented to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the court. The settlement agreement proposed to terminate the trust in exchange for dismissing all issues raised in the lawsuit except the failure to account. At the hearing on the settlement agreement, respondent's attorney was present, but respondent was not. Respondent's attorney informed the probate court that he had the authority to bind respondent. Respondent's counsel also stated that respondent wanted to be released from all his duties as trustee, including his accounting duties, in exchange for terminating the trust. However, counsel conceded that the probate court could not abdicate its jurisdiction over accountings, and thus consented to the settlement agreement. Accordingly, the probate court entered a consent judgment on the record that reflected the parties' settlement agreement.

Respondent contends that the probate court erred in terminating the irrevocable spendthrift trust. He asserts that all interested parties did not agree to terminate the trust because he did not consent to its termination. A review of the record indicates that respondent consented to the termination of the trust in his capacity as beneficiary. Respondent's objections, if any, were made in his capacity as trustee. Respondent's attorney stated that his client conditioned his consent to the settlement agreement on a complete resolution of the lawsuit. He objected because the settlement agreement required respondent to render accountings. The duty to account is a duty imposed on trustees, not beneficiaries. Therefore, any objections to the settlement were made only in respondent's capacity as trustee.

Thus, the issue becomes whether the consent of the trustee is required before a court may terminate an irrevocable spendthrift trust when the settlor and all the beneficiaries consent to its

termination. This is an issue of first impression in Michigan. Most jurisdictions hold that when the settlor and beneficiaries act in concert, they may modify or terminate a trust. See, e.g., *Musick v Reynolds,* 798 SW2d 626 (Tex App, 1990); *Preston v City Nat'l Bank of Miami,* 294 So 2d 11 (Fla App, 1974); *St Louis Union Trust Co v Conant,* 499 SW2d 761 (Mo, 1973); *Connecticut Bank & Trust Co v Hurlbutt,* 157 Conn 315; 254 A2d 460 (1968); *In re Zinke's Trust,* 83 NYS2d 813 (Sup Ct, 1948); *Fowler v Lanpher,* 193 Wash 308; 75 P2d 132 (1938); *Botzum v Havana Nat'l Bank,* 367 Ill 539; 12 NE2d 203 (1937); *Ludlow's Trustee v Ludlow,* 249 Ky 396; 60 SW2d 965 (1933).

2 Restatement Trusts, 2d, § 338(1), p 167, also recognizes:

> If the settlor and all of the beneficiaries of a trust consent and none of them is under an incapacity, they can compel the termination or modification of the trust, although the purposes of the trust have not been accomplished.

Comments a and d to § 338, pp 167-169, indicate that even an irrevocable spendthrift trust may be terminated when the settlor and the beneficiaries consent.

A trustee is not considered a beneficiary of a trust. 1 Restatement Trusts, 2d, § 126, comment c, p 271; 2 Restatement Trusts, 2d, § 337, comment b, p 159. Consistent with these authorities, we hold that a court may terminate an irrevocable spendthrift trust without the consent of the trustee where the settlor and all the beneficiaries consent to its termination.

In this case, the settlors of the trust, Edmund and Else Hein, are alive. All the beneficiaries are alive and ascertained. None of the interested par-

ties are incapacitated. The settlors and all the beneficiaries consented to the termination of the trust. *Rose v Southern Michigan Nat'l Bank,* 255 Mich 275; 238 NW 284 (1931), overruled in part on other grounds *In re Edgar Estate,* 425 Mich 364, 366; 389 NW2d 696 (1986), held that a spendthrift trust cannot be terminated where the trustee and the beneficiaries consent, because to do so would defeat the intent of the settlor in founding the trust. *Rose* is distinguishable on its facts. In *Rose,* the settlor had died, and thus could not consent to the trust's termination. In this case, the settlors are alive and have consented to the termination of the trust. Compare 2 Restatement Trusts, 2d, §§ 337 and 338.

Likewise, this issue cannot be resolved under MCL 555.81; MSA 26.80(1). The statute states that it only is applicable to a "compromise, settlement or adjustment, made *after the death of the settlor"* (emphasis added). Because Edmund and Else Hein are alive, this statute is not pertinent. On these facts, we hold that the trial court did not err in entering a judgment terminating the trust over the objection of the trustee.

Affirmed.