(996 P.2d 346)

No. 81,527

ROBERT M. NEELEY, BERNICE J. KUCKELMAN, AND MARY LOU PACK, AS CO-TRUSTEES AND BENEFICIARIES OF THE OREN T. NEELEY REVOCABLE TRUST, *Appellants*, v. MARGARET NEELEY, *et al., Appellees.*

Opinion filed January 21, 2000.

*Patrick B. Hughes* and *John W. Sumi*, of Adams, Jones, Robinson and Malone, Chartered, of Wichita, for appellant.

*J. Eric Engstrom* and *Lyndon W. Vix*, of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, for appellee Nationsbank, N.A.

Before BRAZIL, C.J., JANICE D. RUSSELL, District Judge, assigned, and JOHN E. SANDERS, District Judge, assigned.

BRAZIL, C.J.: Robert M. Neeley, Bernice J. Kuckelman, and Mary Lou Pack (plaintiffs), co-trustees and beneficiaries of a revocable spendthrift trust (Trust) executed by their father Oren T. Neeley, brought this action to modify the terms of the Trust. They appeal from the decision of the trial court denying their petition to modify.

We affirm.

The facts are not in dispute and will not be reviewed except as necessary for purposes of this opinion. On appeal, the plaintiffs challenge the legal conclusions of the trial court. This court's review of conclusions of law is unlimited. See *Taliaferro v. Taliaferro*, 260 Kan. 573, 579, 921 P.2d 803 (1996).

The plaintiffs first argue the trial court erred in denying their petition since all of the Trust beneficiaries and contingent beneficiaries agreed to the proposed modifications. They claim the modifications would not interfere with any material purpose of the Trust.

Pursuant to the terms of the Trust, the grantor reserved the right to modify or revoke the Trust. However, the Trust contained no other provisions pertaining to the modification or termination of the Trust. The plaintiffs correctly argue that under Kansas law, beneficiaries of a trust can compel the termination of the trust if all of the beneficiaries give consent and none of them is under an incapacity, except if continuance of the trust is necessary to carry out a material purpose of the trust. See *McClary v. Harbaugh*, 231 Kan. 564, 566, 646 P.2d 498 (1982) (quoting Restatement (Second) of Trusts § 337 [1957]).

The plaintiffs, however, do not wish to terminate the Trust; rather they wish to modify its terms. Kansas courts have not addressed the question of whether beneficiaries can compel modification of a spendthrift trust if all of the beneficiaries agree to the modifications. Normally, when faced with a lack of Kansas law, Kansas courts look to the Restatement of Trusts for guidance. See *In re Estate of Sanders*, 261 Kan. 176, 183, 929 P.2d 153 (1996); *Harbaugh*, 231 Kan. at 566.

Restatement (Second) of Trusts § 338 (1957) provides:

"(1) If the settlor and all of the beneficiaries of a trust consent and none of them is under an incapacity, they can compel the termination or modification of the trust, although the purposes of the trust have not been accomplished."

Comment (a) to § 338 states:

"If the settlor is dead, the consent of his heirs or personal representatives is not sufficient to justify the termination of the trust under the rule stated in this Section. The rule is not applicable to trusts created by will, or to trusts created inter vivos if the settlor has died."

Comments (d) and (g) to § 338 state the following:

"*d. Spendthrift trust.* Although by the terms of the trust or by statute the interest of one or more of the beneficiaries is made inalienable by him, if all of the beneficiaries and the settlor, none of them being under an incapacity, consent to

terminate the trust, the trust will be terminated, although the beneficiaries without the consent of the settlor could not compel the termination of the trust.

. . . .

"g. *Partial termination of trust*. If the settlor and all of the beneficiaries of a trust consent and none of them is under an incapacity, they can compel the termination of the trust as to a part of the trust property, although the purposes of the trust have not been accomplished and the beneficiaries without the consent of the settlor could not compel the termination of the trust."

Comment (h) to § 338 specifically discusses the modification of a trust. The comment provides:

"If the settlor and all of the beneficiaries of a trust consent and none of them is under an incapacity, they can compel the modification of the trust."
". . . The restraint on the alienation of the interest by the beneficiary can be removed by the consent of the beneficiary and of the settlor."

The requested modification would frustrate the purpose of the spendthrift clause contained in the Trust. Normally, an irrevocable spendthrift trust can be modified if the settlor and all the beneficiaries agree to the modification although the purposes of the trust have not been accomplished. Here, Oren reserved the right to modify and terminate the Trust. Once he died, however, the Trust became irrevocable and unmodifiable, and the consent of all the beneficiaries is insufficient to modify the Trust. *Cf. Musick v. Reynolds*, 798 S.W.2d 626, 629 (Tex. App. 1990) (noting irrevocable spendthrift trust can be modified if settlor is alive and both settlor and all beneficiaries consent, and there is no incapacity to consent by any party); *Hein v. Hein*, 214 Mich. App. 356, 359, 543 N.W.2d 19 (1995) (noting comments to Restatement of Trusts § 338 indicate irrevocable spendthrift trust may be terminated when the settlor and the beneficiaries consent).

The plaintiffs also argue an unforseen change of circumstances frustrated the purpose of the Trust. They contend it was unforeseeable that the principal of the Trust would generate income that would exceed distributions and such growth thwarted Oren's intent that the entire principal be distributed to his three children during their lifetimes. The plaintiffs argue the payment of taxes on undistributed income and the possibility the Trust corpus might escheat

to the State constitutes waste and the trial court erred in failing to alter the terms of the Trust to prevent the waste.

The plaintiffs do not argue the Trust was ambiguous requiring the application of rules of construction or argue the Trust should be rescinded or reformed on account of fraud, duress, undue influence, or mistake. Rather, their argument focuses on the financial growth of the Trust which allegedly defeats its purpose.

The trial court noted the general purpose of the Trust, as indicated by its plain and unambiguous language, was to place the grantor's assets under the control of someone other than the plaintiffs and to protect their interests from creditors. After a careful review of the language contained in the Trust, we agree with the trial court's conclusion. The primary purpose of the Trust is not frustrated by the growth of the funds of the Trust, and implementing the suggested modifications would not further the intent and purpose of the grantor.

Affirmed.