*In re* FERGUSON ESTATE

Docket No. 119405. Submitted February 14, 1990, at Detroit. Decided December 5, 1990, at 9:07 A.M. Leave to appeal sought.

Marian Ferguson established a trust that upon her death would be expended for the use and benefit of her adult daughter, Judith. Judith Ferguson intermittently resided at home with her mother and at the Northville Regional Psychiatric Hospital. While a resident at the hospital on November 13, 1984, her mother died, and the trust became irrevocable, Manufacturers National Bank of Detroit becoming the successor trustee. In April 1985, the Department of Mental Health made a liability determination for Judith, finding that the principal and income of the Marian Ferguson Trust was included within the assets of Judith's estate. A redetermination was made by the department, resulting in a final agency decision finding that Judith's maximum annual liability was $109,974.50 and her personal liability for cost and care received in 1985 was $48,108. Manufacturers and Edwin P. Nickel, as guardian and conservator of Judith's estate, appealed in the Wayne County Probate Court, Anthony J. Szymanski, J., which ruled that the services rendered Judith at the hospital were necessary services, falling within the exception to the rule prohibiting the invasion of a spendthrift trust, and affirmed the financial liability determination made by the department. Following a series of appeals to the Wayne Circuit Court, and the Court of Appeals, the Supreme Court ordered consideration by the Court of Appeals as on leave granted, of whether Judith's beneficial interest in the Marian Ferguson Trust is an asset which may be reached by her creditors. 432 Mich 932 (1989).

The Court of Appeals *held:*

The trust at issue is a support trust, and Judith's interest in the trust is an asset within the meaning of MCL 330.1818; MSA 14.800(818) which may be reached by her creditors. The settlor

REFERENCES

Am Jur 2d, Trusts §§ 148, 150, 158, 164, 165, 171, 175, 180-182.

Trust provisions for payment, in the trustee's discretion or for a designated purpose, of part or all of the principal to a beneficiary. 2 ALR2d 1383.

intended that debts incurred for the hospitalization of Judith be paid with trust funds. The probate court did not err in determining that the trust was a support trust which may be used to pay for Judith's treatment at the hospital and in upholding the determination of financial responsibility made by the Department of Mental Health.

Affirmed.

1. TRUSTS — SPENDTHRIFT TRUSTS — SUPPORT TRUSTS — DISCRETIONARY TRUSTS.

Michigan case law recognizes three types of trusts: spendthrift trusts, which vest in the beneficiary the right to receive some ascertainable portion of the income or principal of the trust; support trusts, which provide that the trustee must pay so much of the income or principal as is necessary for the education or support of the beneficiary; and discretionary trusts, which provide that the trustee may pay to the beneficiary so much of the income or principal determined warranted in the discretion of the trustee.

2. TRUSTS — BENEFICIARY'S INTEREST — CLAIMS AGAINST BENEFICIARY.

The intent of the settlor is paramount in ascertaining into which of the three categories a particular trust falls, and the type of trust determines whether a beneficiary's interest in a particular trust may be reached by the beneficiary's creditors; if the trust is a discretionary trust, creditors cannot reach the beneficiary's interest because the beneficiary's receipt of any amount depends on the exercise of the trustee's discretion, and, therefore, the beneficiary does not have an ascertainable interest in the assets of the discretionary trust; if the trust is either a spendthrift trust or a support trust, the interest of the beneficiary can in some instances be reached in satisfaction of an enforceable claim against the beneficiary.

3. TRUSTS — SPENDTHRIFT TRUSTS — SUPPORT TRUSTS — CLAIMS AGAINST BENEFICIARY.

The interest of a beneficiary of a spendthrift trust or a support trust can be reached in satisfaction of an enforceable claim against the beneficiary by the wife or child of the beneficiary for support or by the wife for alimony, for necessary services rendered or necessary supplies furnished to the beneficiary, for services rendered and materials furnished which preserve or benefit the interest of the beneficiary, or by the United States or a state to satisfy a claim against the beneficiary.

*John S. Eccleston, II,* for the plaintiffs.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Clive D. Gemmill* and *Constance Y. Ross,* Assistant Attorneys General, for the defendant.

Before: DANHOF, C.J., and BRENNAN and G. S. ALLEN,* JJ.

G. S. ALLEN, J. This matter returns to us on remand from the Supreme Court, by order dated July 19, 1989, for consideration as on leave granted. 432 Mich 932 (1989). This Court, after hearing oral argument on remand, directed petitioners, Manufacturers National Bank and Edwin Nickel, to brief the merits of their challenge to a February 12, 1987, final order entered in the Wayne County Probate Court upholding a determination of financial responsibility made by the Department of Mental Health pursuant to MCL 330.1836; MSA 14.800(836). The department determined that a trust of which Judith Ferguson is the cestui que trust constitutes an asset of her estate which may be used to pay for mental health services rendered Judith at Northville Regional Psychiatric Hospital (NRPH). We affirm.

The basic facts leading to the disputed determination of liability are as follows: In 1978, Marian Ferguson established a trust, the income of which would be paid to her during her lifetime and, upon her death, would be expended for the use and benefit of her daughter, Judith. Upon Judith's death, the trust would terminate and the remainder would be paid equally to the settlor's brothers, Edwin P. and Horace R. Nickel or the survivor, if one predeceased the other. At the time the trust

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

was established, Judith was an adult living at home with her mother.

On August 10, 1981, Judith, then thirty-six years old, was admitted to NRPH. She was discharged to Marian Ferguson on September 2, 1981. On October 30, 1984, Marian Ferguson admitted Judith to NRPH for a second time. While Judith was hospitalized, Marian Ferguson died on November 13, 1984. Upon the settlor's death, the trust became irrevocable and Manufacturers National Bank became the successor trustee. On February 28, 1985, Judith was discharged to a group home, but ten days later was readmitted to NRPH, where she remained until discharged on May 21, 1986.

In April 1985, the department made a liability determination for Judith, finding that the principal and income of the Marian Ferguson Trust was included within the assets of her estate. That determination was appealed by Manufacturers Bank, as trustee, and Edwin Nickel, as guardian and conservator. A redetermination was made in June 1986. On July 3, 1986, the department issued a final agency decision which determined that Judith's maximum annual liability was $109,974.50 and her personal liability for cost and care received in 1985 was $48,108.

Petitioners appealed the final agency decision to the Wayne County Probate Court. Following a hearing, the probate court issued a written opinion, dated April 2, 1987, holding that the services rendered Judith at NRPH were "necessary services" which fell within the exception to the rule prohibiting the invasion of a spendthrift trust. Several days later, the probate court issued an order affirming the July 3, 1986, financial liability determination made by the department.[1]

---

[1] The parties agree that the probate court order was mistakenly

Petitioners then filed a claim of appeal with this Court on May 8, 1987, and attached thereto a copy of the probate court order, but failed to attach a copy of the probate court's opinion of April 2, 1987. Not knowing the basis of the probate court's order, our Court's clerk concluded that this Court lacked jurisdiction and returned the claim with a letter giving petitioners the opportunity to resubmit their claim. Petitioners did not resubmit the claim. Instead, petitioners filed a claim of appeal on May 22, 1987, in the Wayne Circuit Court, raising the jurisdictional issue. Following a hearing on January 8, 1988, the circuit court granted summary disposition for respondent:

> The Probate Court order was clearly appealable to the Court of Appeals under MCLA [6]00.861(a) [MSA 27A.861(a)] and MCR 5.801(B)(3)(c) and (f). In fact, the Michigan Court of Appeals has allowed a right of appeal in identical circumstances. See *Miller v Dep't of Mental Health,* 161 Mich App 778, 780 [411 NW2d 856] (1987).
>
> The appellants erred in failing to attempt to show the Court of Appeals that the Probate Court order was appealable to the Court of Appeals or requesting that the matter be submitted to a panel of judges of the Court of Appeals.
>
> Since jurisdiction is vested in the Court of Appeals under MCLA 600.861[a] [MSA 27A.861(a)] and MCR 5.801(B)(3)(c) and (f), this Court has no jurisdiction under MCLA [6]00.863(1) [MSA 27A.863(1)] to hear this appeal.

There then followed a series of appeals to this Court, the details of which it is now unnecessary to set forth, except to state that all concerned the question whether this Court had jurisdiction to

dated February 12, 1987 (the date of the hearing), and was actually issued in April 1987, a few days following the issuance of the court's written opinion.

entertain the appeal from the probate court order of February 12, 1987, and, if so, whether the appeals were properly taken. Suffice it to say that by order dated December 8, 1988, this Court denied petitioners' delayed application for leave to appeal and remanded this case to the probate court for a determination of whether Nickel, as residuary beneficiary of the Marian Ferguson Trust, had a conflict of interest warranting his removal, and whether the costs of the battery of appeals taken were properly chargeable to the estate.

On December 23, 1988, petitioners filed an application for leave to appeal the December 8, 1988, order of this Court in the Supreme Court. On July 19, 1989, the Supreme Court, in lieu of granting leave, remanded the case to this Court for consideration as on leave granted. Following oral argument, this Court, by order dated May 2, 1990, directed petitioners to brief the merits of their challenge to the probate court's opinion and order. Thus, for the first time, this Court addresses the substantive issue which, from the beginning, petitioners have sought to raise, namely, whether Judith's beneficial interest in the Marian Ferguson Trust is an asset within the meaning of MCL 330.1818; MSA 14.800(818) and may be reached by creditors.

The relevant provisions of the Marian Ferguson Trust provide:

> FOURTH: Upon the death of the Grantor, the Successor Trustee shall hold, administer and dispose of the trust property and estate (together with any undistributed income and any accrued income not received at Grantor's death) as follows:
> A. The Trustee shall use and expend, on behalf of Grantors [sic] daughter, Judith Ferguson, during her lifetime, the entire or such lessor [sic]

portion of the net income, together with such part of the principal sum of the trust property and estate as the Trustee, in its sole and uncontrolled discretion may deem to be for the best interest of Settlors [sic] daughter, Judith Ferguson, taking all facts into account then known to the Trustee. The Trustee shall accumulate any surplus net income from the trust property and estate not so distributed and shall add the same annually to the principal thereof.

It is Settlor's wish that her daughter, Judith Ferguson, reside in a Group Home or Foster Home, during her lifetime, and be provided with all reasonable needs.

B. Upon the death of Settlor's daughter, the Trust shall terminate. The Trustee shall divide and distribute the trust property and estate equally between settlors [sic] brothers, Edwin P. Nickel and Horace R. Nickel, and if either shall have died prior to the termination of the trust, then the entire trust property and estate shall be distributed to the survivor of them.

\* \* \*

FIFTH: The Trustee is hereby vested with full and complete title to all of the property and estate embraced within the Trust hereof, both as to principal and income therefrom, subject only to the execution of the trust hereof; and further, *neither the principal nor the income of the trust estate shall be liable for the debts of my beneficiary hereof, nor shall the same be subject to seizure by any creditor of my beneficiary under any writ or proceeding at law or in equity,* and my beneficiary hereunder shall not have any power to sell, assign, transfer, encumber or in any other manner anticipate or dispose of her interest in the trust estate or the income produced thereby. [Emphasis supplied.]

Petitioners argue that, because the fourth paragraph, subparagraph A of the trust instrument clearly gives the trustee unlimited discretion re-

garding how much of the trust may be paid out for Judith's benefit and the fifth paragraph contains a spendthrift provision, the trust is a discretionary spendthrift trust which, under our Court's holding in *In re Sykes Estate,* 131 Mich App 49, 54; 345 NW2d 642 (1983), lv den 419 Mich 935 (1984), cannot be reached by creditors. In rebuttal, the department contends that the trust was a support trust which, under *Miller v Dep't of Mental Health,* 432 Mich 426, 431; 442 NW2d 617 (1989), and *Coverston v Kellogg,* 136 Mich App 504, 508-509; 357 NW2d 705 (1984), may be reached by creditors of the trust beneficiary. We agree with the department.

Our Supreme Court has recognized three kinds of trusts.

> Firstly, a trust vesting in the beneficiary the right to receive some ascertainable portion of the income or principal. Secondly, a trust providing that the trustee shall pay so much of the income or principal as is necessary for the education or support of the beneficiary, called a support trust. Thirdly, a trust providing that the trustee may pay to the beneficiary so much of the income or principal as he in his discretion determines, called a discretionary trust. [*Miller,* p 429.]

The intent of the settlor is paramount in ascertaining into which of the three categories a particular trust falls. *In re Sykes Estate,* pp 53-54. The type of trust determines whether a beneficiary's interest in a particular trust may be reached by the beneficiary's creditors. If the trust is a discretionary trust, then creditors cannot reach a beneficiary's interest in that trust because the beneficiary's receipt of any amount depends on the exercise of the trustee's discretion and, therefore, the beneficiary does not have an ascertainable interest in

the assets of the discretionary trust. *Miller,* p 431; *Coverston,* p 508. However, if the trust is either a spendthrift trust or a support trust, then

> the interest of the beneficiary can be reached in satisfaction of an enforceable claim against the beneficiary,
>
> (a) by the wife or child of the beneficiary for support, or by the wife for alimony;
>
> (b) for necessary services rendered to the beneficiary or necessary supplies furnished to him;
>
> (c) for services rendered and materials furnished which preserve or benefit the interest of the beneficiary;
>
> (d) by the United States or a State to satisfy a claim against the beneficiary. [1 Restatement Trusts, 2d, § 157, p 328. See also *Miller,* p 431 (Supreme Court adopts § 157).]

In the instant case, the trust document vests the trustee with "sole and uncontrolled discretion" to use the income and principal of the trust on Judith's behalf as the trustee "may deem to be for the best interest of Settlors [sic] daughter, Judith Ferguson, taking all facts into account then known to the Trustee." Moreover, the trust document explicitly expresses the "Settlor's wish" that Judith "reside in a Group Home or Foster Home, during her lifetime, *and be provided with all reasonable needs.*" (Emphasis added.) The trust document does not, however, empower the trustee *to refuse* to apply the trust income and principal for the benefit of Judith. In this regard, the instant trust document is akin to the trust document that was the subject of this Court's review in *Coverston,* p 509. The text of the instant trust document does, however, implicitly, if not explicitly, instruct the trustee to expend trust funds to satisfy indebtedness incurred for the benefit of Judith. We con-

clude, therefore, that the settlor intended that debts incurred for the hospitalization of Judith be paid with trust funds.

Appellate review is limited to whether the probate court's determination was clearly erroneous. *Miller,* p 434. The probate court, on the basis of the settlor's intent, held that the trust was a support trust. Given the facts and circumstances in the instant case, we do not find the probate court's decision to be clearly erroneous. Accordingly, we conclude that Judith's interest in the trust created by her mother is an asset within the meaning of MCL 330.1818; MSA 14.800(818). To hold otherwise would amount to ruling that the receipt of care from the department was not in the best interest of Judith and would shift the costs of her care to the taxpayers of the state.

The July 3, 1986, determination of financial liability made by the department and the February 12, 1987, order of the probate court are affirmed. No costs, an issue of public importance being involved.